[Civ. No. 4217.   Third Appellate District.—November 22, 1930.]

WALTER W. HUMPHREY, Respondent, v. STAR PETROLEUM COMPANY (a Corporation), Appellant.

Neil S. McCarthy, Geo. J. Stoneman and Earl L. Banta for Appellant.

Lloyd O. Miller and Hooper & Miller for Respondent.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This is an appeal by the defendant from a judgment for damages in favor of the plaintiff for personal injuries. Appellant contends that the evidence is insufficient to support the judgment and that the trial court committed reversible error in ruling on the admissibility of evidence. ■ The appellant, however, has failed to point out the alleged erroneous rulings and, therefore, this court will not search through the long typewritten transcript in an effort to discover them. (*Dahlberg* v. *Dahlberg,* 202 Cal. 295 [260 Pac. 290] ; *Scott* v. *Hollywood Park Co.,* 176 Cal. 680 [169 Pac. 379].)

■ Disregarding the rule that an appellate court is not concerned with the weight of the evidence, the appellant states the evidence in the light most favorable to its conten-

tions. From the statement of facts contained in the appellant's opening brief, it appears that after it had drilled for oil to a depth of about 4,700 feet it attempted to remove the casing from the well. "On the day before the accident, this work was attempted and the casing parted, leaving 18 inches projecting above the floor of the cellar. The cellar is described as an excavation about 4½x6 feet, and with a depth of 7 feet from the top of the floor to the bottom of the cellar. After the casing parted, it became necessary in the performance of the work of straightening it out, to weld another piece of casing to the point where it had been broken off, and plaintiff was employed for this purpose. . . . He climbed down into the cellar and commenced the welding together of the casing. . . . After working approximately five minutes . . . an explosion occurred, as a result of which he suffered severe burns," the injuries for which damages were awarded.

In appellant's brief it is said: "It affirmatively appears from the evidence that a well filled with water or at least filled with water within fifty feet of the surface, was the only precaution available to prevent a gas explosion." There is evidence that the water-level in the well at the time of the accident was several hundred feet below the surface of the ground. The plaintiff testified that the superintendent of the defendant assured him that there was no gas in the well and that the well was full of water. From other evidence it reasonably appears that the gas which exploded came from inside the casing. There is ample evidence to support the judgment and it is unnecessary to pursue the subject further.

The judgment is affirmed.