[S. F. No. 13301. In Bank.—November 24, 1931.]

C. L. WOOLL, Respondent; STATE COMPENSATION IN-
SURANCE FUND, Intervener, v. J. S. SHEA COM-
PANY (a Corporation) et al., Appellants.

Hadsell, Sweet & Ingalls, Tinning & De Lap and De Lancey Smith for Appellants.

B. E. Pemberton and W. J. O'Connor for Intervener.

Ford & Johnson and Fletcher A. Cutler for Respondent.

WASTE, C. J.—Defendants prosecute this appeal from a judgment entered in favor of the plaintiff for damages in the sum of $15,000 for personal injuries alleged to have been incurred by reason of defendants' negligence in the maintenance and operation of a pile-driver. The State Compensation Insurance Fund intervened merely to insure its lien on any judgment recovered by plaintiff, the intervener having theretofore compensated the plaintiff under the provisions of the Workmen's Compensation Act for these injuries, which were received by the plaintiff while acting within the scope and course of his employment. The plaintiff and intervener have stipulated for such a lien, and there is no question raised on this appeal as to the propriety of such action.

The defendants were contractors engaged in driving piling to support the aqueduct line of the East Bay Municipal Utility District across the delta of the San Joaquin River. A heavy, sled-like platform weighing approximately fifty tons carried the pile-driver and progressed with the construction work by being skidded over large cross-timbers laid on the ground surface before it. The driver was

moved by its own power applied to cables, the latter being attached to posts or "dead-men" fixed in the earth and running through pulleys or "sheaves" fastened to the driver at appropriate places. The driver was some fifty-six feet long with a derrick on the front end sixty feet high, and a hoist and stationary steam boiler on the after-end. Decks of planking were attached to the top of two longitudinal runners under the derrick at the front and under and around the machinery at the rear. The center of the driver was open, save for structural cross-braces in the space intervening between the rear platform and the derrick.

The plaintiff, a machinery salesman, went upon the driver at the invitation of the defendants to take measurements for a pipe-line to convey steam to a new steam piston pile hammer (that defendants later ordered from plaintiff's employer) to be used in place of a steel drop hammer then being employed. Shortly after he boarded the driver it was moved by the engineer, and during the course of its operation the plaintiff was precipitated to the floor when the driver gave a sudden and unexpected lurch. As a result of such fall, plaintiff incurred the injuries giving rise to this action. Defendants contend that the verdict and judgment are without support in the evidence because of a failure to show negligence on their part.

Plaintiff testified that he was a "sales-engineer"; that while he was familiar with the workings and operation of pile-driver machinery, he had very little field experience, and had never been upon a pile-driver platform prior to the day of the accident; that he had gone there at the solicitation and invitation of defendants, in order to take certain measurements necessary to effectuate a contemplated change in the operation of the driver; that when he boarded the driver it was stationary, and he was without knowledge as to "what they were going to do"; that the engineer of the driver assisted in the taking of some of the measurements; that before he completed taking the measurements, he noticed a "slight movement of the pile-driver"; that at first the movement, though rather "unsteady", "didn't seem much", and he therefore continued with his work; that he thereupon noticed a large timber off to one side which appeared to be changing position

relative to his location on the driver; that he feared the rope holding said timber might give way, causing it to fall on him; that he expressed his fears in this regard to the man operating the driver, and requested that he "wait until I get on the other side, where I can be out of the way" and "safe"; that when he started around to the other side the driver was "absolutely stationary"; that before he reached his destination the driver lurched or lunged, and he was knocked down and rendered momentarily unconscious; that the fall broke his left leg; that he had not completed the measurements when he was hurt; and that the operator of the driver did not at any time tell him he was going to move the driver or tell him to get off.

P. S. Ricker, who had accompanied plaintiff to the job, corroborated much of plaintiff's testimony, and, in addition, testified that the driver had lurched or jerked with great force fully eight feet when plaintiff was knocked down, and that he (the witness) had never before seen such a lurch "on the movement of pile drivers".

█ The foregoing outline of plaintiff's evidence sufficiently demonstrates the propriety of the verdict impliedly finding the defendants to have been negligent in the operation of their pile-driver. Plaintiff was an invitee of the defendants, and, as such, the defendants owed him the duty of exercising ordinary and reasonable care in the operation of the driver. This principle is too well settled to require the citation of authority. To move the driver without warning and in such a manner as to cause it to lurch or lunge fully eight feet at a time when the plaintiff was seeking refuge from a threatened danger can hardly be said to constitute the exercise of ordinary and reasonable care. Particularly is this so when it is borne in mind that plaintiff had requested the engineer to wait until he got to a place where he would be out of the way from harm. Evidence adduced by the defendants is contradictory of plaintiff's showing. But it was for the jury to weigh the evidence, and we cannot say that its verdict is without support.

█ The jury was fully and sufficiently charged as to the degree of care owing by the defendants to the plaintiff. In no fewer than seven instructions the jury was told, in effect, that "it is the duty of an owner of premises

to an invitee to exercise ordinary care and prudence to render the premises reasonably safe for the invitee''. Despite the giving of these several instructions as to the degree of care required of them, the defendants now urge that the court below erred in refusing to give the following requested instruction: ''I instruct you that if defendants used ordinary care in moving their pile driver at the time and place in question, then your verdict must be in their favor and against plaintiff.''

The requested instruction merely states in another and different form what the court very definitely and clearly explained to the jury in the several instructions referred to. If, as the court fully informed the jury, the defendants were only required to exercise ordinary and reasonable care for plaintiff's safety while on the driver, it seems to necessarily follow that the exercise of such a degree of care would discharge them from all liability to him. The substance of the refused instruction was sufficiently covered in the court's charge, though perhaps stated in different words. Aside from this, the trial court gave defendants' instruction number eighteen, wherein it is stated, among other things, that ''Before the plaintiff is entitled to your verdict, he must prove by a preponderance of evidence that the defendants or their servants omitted to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do; or that the defendant[s] or [their] servants did something which a reasonable or prudent man would not do, which was the proximate cause of the accident and resulting injuries and damage.'' In our opinion, this instruction, in effect, informed the jury that if the defendants had exercised ordinary and reasonable care in the operation of the driver, they were not answerable to the plaintiff.

 We do not find any error in the trial court's refusal to give the following instruction: ''I instruct you that defendants were lawfully entitled to move the pile driver at the time and place in question and in doing so to move it in the ordinary way.'' There was and is no issue in the case as to the defendants' right to move the piledriver, or as to the particular manner in which it might be moved, the principal issue being whether or not in moving it, in the ordinary way or otherwise, the defendants

exercised that degree of care commensurate with plaintiff's presence and safety while on the driver. On this issue the jury's implied finding was adverse to the defendants.

Contending that plaintiff forfeited and lost his status as an invitee and became a mere licensee (to whom a lesser degree of care is owing) when he went from one side of the driver to the other, in order to avoid what appeared to him to be a threatening and impending danger, the defendants urge that the court below should have given an instruction to this effect which they had requested.

We regard as inapplicable to this case those authorities cited by the defendants to the effect that when an invitee exceeds the scope of the invitation he immediately becomes a mere licensee. When, as testified by the plaintiff, he found it necessary to change his position on the driver to avoid being struck by a large timber which was apparently moving toward him in a threatening manner, he did not thereby sacrifice and forfeit his status as an invitee. Under the peculiar circumstances of this case, the authorities do not require such a holding as is contended for by the defendants. That plaintiff apparently acted as a reasonable and prudent man would have acted under similar circumstances receives some support from the fact that Ricker, who had accompanied him to the job, found the danger from the timber sufficiently great to warrant his complete abandonment of the driver. Our examination of the entire record discloses nothing of a prejudicial nature.

The judgment is affirmed.

Seawell, J., Richards, J., Shenk, J., Preston, J., Langdon, J., and Curtis, J., concurred.

Rehearing denied.