[L. A. No. 18075. In Bank. Feb. 10, 1942.]

INA HINDS et al., Appellants, v. I. M. WHEADON et al., Respondents.

Syril S. Tipton, John J. Ford and Marvin Wellins for Appellants.

Joseph A. Ball and Kenneth Sperry for Respondents.

GIBSON, C. J.—This action was instituted by the widow and minor children of George T. Hinds, deceased, to recover damages for his wrongful death, which was alleged to have been caused by the negligence of defendants. The deceased was employed as a welder by E. H. Irwin who did business as the Irwin Welding Works. The defendant, I. M. Wheadon, did business as the Allied Petroleum Company, and in connection with his business employed the defendants Chester Fisher and Mark Haines. On February 23, 1937, Hinds was directed by his employer to go to the premises of the Allied Petroleum Company for the purpose of performing certain welding operations which had been ordered by defendants. The defendant Fisher informed him that a steel dehydrator tank, used in treating crude petroleum, had been prepared for the welding operation, that is, that it had been washed out and filled with water. In order to demonstrate that the tank was filled with water, Fisher ordered that the pump be started. When water flowed from a bleeder line at the top of the tank, Hinds said that it was satisfactory and began the welding operation which consisted of affixing metal brackets or straps to the outside of the dehydrator tank. The lower bracket was welded first and then Hinds commenced to work on the upper one. Shortly after Hinds commenced the final portion of the top weld, the tank exploded and he was killed. After the introduction of evidence by plaintiffs,

the trial court granted defendants' motion for a nonsuit upon the theory that no evidence of negligence on the part of defendants had been produced. Plaintiffs appeal from the judgment of nonsuit.

Where a judgment is rendered upon a motion for nonsuit, the court must assume that all evidence received in favor of the plaintiff relevant to the issues is true. All presumptions, inferences and doubtful questions must be construed most favorably to the plaintiff. (*Richardes* v. *Richardes,* 211 Cal. 392 [295 Pac. 816]; *Mitchell Camera Corp.* v. *Fox Film Corp.,* 8 Cal. (2d) 192 [64 Pac. (2d) 946]; *Moffatt* v. *Buffum's Inc.,* 21 Cal. App. (2d) 371, 373 [69 Pac. (2d) 424]; 9 Cal. Jur. 552.) Here, the evidence introduced on behalf of plaintiffs, when construed most favorably to their case, tended to establish that the explosion resulted from an absence of water in the tank behind the point at which the upper bracket was to be attached. The testimony of plaintiffs' witness who was an expert in the field of physics, metallurgy and welding was that the discoloration found after the explosion on the inside of the dehydrator tank indicated an absence of water behind that point during the welding operation. He also testified that in his opinion it was probable that oil particles which had collected on the inside of the tank had vaporized and exploded because of the intense heat developed under such circumstances during the welding..

The defendants had an obligation, which they do not dispute, to exercise reasonable care in order to make the dehydrator tank safe for the welding operation which Hinds was ordered to perform. Such a duty of care was required because Hinds was invited upon the premises as a business visitor to work upon the tank. (*Shanley* v. *American Olive Co.,* 185 Cal. 552 [197 Pac. 793]; *Sawyer* v. *Hooper,* 79 Cal. App. 395 [249 Pac. 530]; *Wooll* v. *J. S. Shea Co.,* 214 Cal. 302 [5 Pac. (2d) 421]; *Dobbie* v. *Pacific Gas & Elec. Co.,* 95 Cal. App. 781 [273 Pac. 630]; *Mendelsohn* v. *Van Herick,* 133 Cal. App. 612 [24 Pac. (2d) 878]; 19 Cal. Jur. 621; Restatement, Torts, sec. 343.) The invitor's responsibility is not absolute but he is "required to use ordinary care for the safety of the persons he invites to come upon the premises. If there is a danger attending upon such entry, or upon the work which the person invited is to do thereon, and such danger arises from causes or conditions not readily apparent to the eye, it is the duty of the owner to give such person rea-

sonable notice or warning of such danger." (*Shanley* v. *American Olive Co., supra*, p. 555.) The evidence indicates further that defendants undertook to prepare the dehydrator tank for the welding operation and, in that event, a duty of reasonable care devolved upon them to make the tank safe for the purpose for which it was supplied. (*Mondine* v. *Sarlin,* 11 Cal. (2d) 593, 597 [81 Pac. (2d) 903]; Restatement, Torts, sec. 392.)

Defendants contend, however, that there is no evidence from which it could be found that they were guilty of negligence. It may be conceded that plaintiffs have not produced evidence which tends to establish specific acts of negligence. ▮ Negligence was pleaded generally, and plaintiffs rely upon the doctrine of *res ipsa loquitur* to establish a *prima facie* case of negligence sufficient to warrant submitting the case to the jury. This doctrine is applicable where a thing is shown to be under the exclusive management or control of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care. In such cases an inference arises that the accident resulted from a want of proper care on the part of the defendants. (*Judson* v. *Giant Powder Co.,* 107 Cal. 549, 556 [40 Pac. 1020, 48 Am. St. Rep. 146, 29, L. R. A. 718]; *Michener* v. *Hutton,* 203 Cal. 604, 607 [265 Pac. 238, 59 A. L. R. 480]; *Hernandez* v. *Southern Cal. Gas Co.,* 213 Cal. 384 [2 Pac. (2d) 360]; 1 Shearman & Redfield, Negligence [Rev. Ed. 1941], pp. 149 et seq.; 23 Cal. L. Rev. 169; 10 So. Cal. L. Rev. 166; 19 Cal. Jur. 704.) It is incumbent upon the defendant in such a case to bring forth evidence to rebut the inference of negligence, and under such circumstances a nonsuit is improper since the case should be submitted to the jury. (*Anderson* v. *I. M. Jameson Corpn.,* 7 Cal. (2d) 60 [59 Pac. (2d) 962]; Prosser, Torts [1941], pp. 302 et seq.; 23 Cal. L. Rev. 169.) ▮ It is urged by defendants that they did not have exclusive control over the dehydrator tank during the time the welding was being done and that consequently no inference of negligence should arise. The evidence introduced by plaintiffs, however, indicates that the explosion was caused by the unexplained absence of water at the top of the tank behind the spot where the welding was to be done. The work done by deceased on the outside of the tank had no relation whatever

to the complicated system of valves and pipes which regulated the water level within the tank and, insofar as the matter can be determined upon the evidence introduced by plaintiffs, such matters were within the exclusive control of the defendants. At no time had the tank passed into the hands or control of any intermediate or third person. The cases relied upon by defendants are distinguishable either upon the ground that the cause of the accident could not be determined from the evidence before the court (*Biddlecomb* v. *Haydon*, 4 Cal. App. (2d) 361 [40 Pac. (2d) 873]; *Hubbert* v. *Aztec Brewing Co.*, 26 Cal. App. (2d) 664 [80 Pac. (2d) 185, 1016]; *White* v. *Spreckels*, 10 Cal. App. 287 [101 Pac. 920]) or upon the ground that the defendants actually had relinquished their control over the instrumentality which caused the injury. (*Peters* v. *Pioneer Laundry Co.*, 32 Cal. App. (2d) 494 [90 Pac. (2d) 146].) ▇ In the present case the absence of water in the dehydrator tank, which resulted in the explosion, is not such an occurrence as happens in the ordinary course of things if those in control of the matter have used the proper amount of care. Under the facts of this case, therefore, we think an inference of negligence on the part of defendants arises which they are required to rebut and which is sufficient to take the case to the jury.

The judgment of nonsuit is reversed.

Shenk, J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.

Respondents' petition for a rehearing was denied March 9, 1942.