## WHITE v. UNITED STATES.
### No. 27740–H.

United States District Court
N. D. California, S. D.

May 4, 1951.

M. S. Huberman, Leonard J. Bloom, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., Rudolph J. Scholz, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, on behalf of the Mars Metal Company of San Francisco, entered into a contract with the United States for the recovery of scrap metal from the strafing range at Camp Beale near Marysville, California.

While collecting metal, with the assistance of certain off-duty troop personnel employed for the purpose (with the consent of superior officers), plaintiff received serious injuries from the explosion of a dud.[1]

The presence of unexploded shells on the strafing range was a strong possibility. Testimony at the trial, as elicited from the Post Range Officer, indicates that de-dudding operations were considered and recommended but were not undertaken because of the likely expense. Despite the knowledge on the part of both the Range Officer and the Sergeant in charge that danger lurked on the range, neither of them disclosed to plaintiff the degree of caution required in order to accomplish scrap collecting with safety.

When plaintiff entered the strafing range as a business invitee, intent upon collecting as much scrap as possible he was not forewarned of the dangers which he might encounter in accomplishing his work. The record indicates that he was told only that there was a marked dud and that he should beware of it. When he was present on the range with his then fiancée, the Sergeant accompanying him indicated that the range was safe. Shortly thereafter, plaintiff received his injuries when he dropped a dud one of his employees handed or tossed to him.

Under the Federal Tort Claims Act the United States is subject to the same liability as that of a private individual. 28 U.S.C.A. § 1346(b); United States v. Fotopulos, 9 Cir., 180 F.2d 631. Military personnel in the instant case were negligent within the scope of their employment in failing to maintain the strafing range in a safe condition for one acting as a business invitee. Thus, the Government is liable for damages. Beasley v. United States, D. C., 81 F.Supp. 518.

Defendant failed to provide plaintiff with a reasonably safe place in which to perform his contract with the Government. Hinds v. Wheadon, 19 Cal.2d 458, 121 P.2d 724. Captain Jones, as a result of a survey, recommended a de-dudding operation. This was not done because of expense involved. Defendant's failure to make the area safe is not excused by reason of the potential cost of such an undertaking.

In view of the condition of the strafing range, the defendant had the additional duty of giving ample warning to plaintiff of the dangers likely to be encountered. This is especially so in view of the hidden nature of the explosive materials. Freeman v. Nickerson, 77 Cal.App.2d 40, 174 P.2d 688.

Defendant not only failed to give sufficient warning to plaintiff, but also failed to make a careful inspection itself in order to locate the dangers which might be encountered. Plaintiff was not adequately informed by defendant as to conditions on the range. Actually, he was misled by the incomplete data furnished him by defendant's employees. Humphrey v. Star Petroleum Co., 110 Cal.App. 15, 293 P. 692.

Under the circumstances of plaintiff's contract with the Government, defendant had a duty of care commensurably high with the extreme danger involved. Rudd v. Byrnes, 156 Cal. 636, 105 P. 957, 26 L.R.A.,N.S., 134. Neither expense nor manpower should have been spared to de-dud

---

1. Webster's New International Dictionary, Second Edition: "Dud: A bomb that fails to explode because of a defective fuse."

the area in question in view of the Government's determination to dispose of the range's scrap contents for profit.

The fact that soldiers employed by plaintiff, himself, participated in the scrap collecting and that one of them handed or tossed the fatal dud to plaintiff is immaterial so far as freeing defendant from liability. Such conduct on the part of the military personnel did not give rise to the status of an intervening cause so as to cut off defendant's liability. The conduct in question was usual and expected under the circumstances and merely made possible the explosion caused by defendant's own negligence in failing to clear the range or, in the alternative, safely marking it for those engaged in collecting scrap. Rae v. California Equipment Co., 12 Cal.2d 563, 86 P.2d 352. Cf. Stewart v. United States, 7 Cir., 186 F.2d 627.

Defendant argues that plaintiff is barred from recovery by reason of having assumed the risk of his undertaking. Such is not the law. The fact that plaintiff, as an independent contractor, sought to collect scrap metal from the strafing range, does not absolve defendant from the duty of care which a landowner has toward a business invitee. Plaintiff entered the premises in the latter capacity, despite the role he performed as an independent contractor in recovering metal which he purchased from the Government. It is, of course, true that there is no duty on the part of a defendant to warn an independent contractor of ordinary dangers incident to the type of work to be performed, Louisville & N. R. Co. v. Newland, 176 Ky. 166, 195 S.W. 415, but duds on defendant's premises do not fall within the orbit of ordinary dangers. As previously stated, defendant, as landowner, owed plaintiff, as business invitee, a duty of disclosing the fact that unknown hazards existed on the strafing range. Plaintiff did not assume the risk of such unknown dangers when he engaged in his business of collecting scrap metals.

The Court is unable to agree with defendant that plaintiff assumed the risk of this particular explosion. The evidence fails to establish plaintiff's familiarity with explosives such as those encountered or likely to be encountered on the artillery range. His own training during the war was in demolition work in which he participated in the destruction or removal of buildings. He was untrained in detonation of artillery shells or duds or in the firing of artillery.

On the Court's motion the case is reopened on the issue of damages to the end that medical testimony may be supplied with respect to the present physical condition of the plaintiff herein caused by the injuries suffered. In addition, the Court desires additional evidence and discussion on the matter of the damages proximately flowing from the negligence of the defendant. The time of hearing may be set by the Clerk of the Court convenient to the parties. Prior to the hearing plaintiff to submit to a medical examination by a physician and surgeon appointed and designated by the defendant.