No. 21535.

IRA O. MARTIN, ET AL., *v.* OPDYKE AGENCY, INC.
(398 P.2d 971)

Decided February 8, 1965.

JAMES H. SHELTON, WILLIAM L. WEST, for plaintiffs in error.

ROBERT G. SMITH, WILLIAM E. BOHLENDER, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

OPDYKE AGENCY, INC., a corporation which will hereinafter be referred to as Opdyke, brought an action as a real estate broker against the Martins, as the vendors, to recover from them an unpaid commission allegedly due on the sale to one William Hoff of certain ranch property owned by the Martins for a purchase price of $110,000. Upon trial to the court, judgment was entered in favor of Opdyke and against the Martins for $5,500, together with interest and costs. Pursuant to Rule 52, R.C.P. Colo. and in support of its judgment the trial court made writ-

ten findings of fact and conclusions of law, all of which were in considerable detail. In apt time the Martins filed a motion for new trial wherein they requested the trial court to vacate its judgment, "grant a new trial and direct the entry of a judgment dismissing the complaint" and as grounds therefor urged the following:

"(1) The evidence and pleadings in this case require, as a matter of equity and law, that judgment be entered in favor of the defendants.

"(2) The findings, conclusions of law, and decree are contrary to the evidence."

By agreement of the parties and with approval of the trial court, the motion for a new trial was submitted without oral argument and the same was thereafter denied.

By writ of error the Martins now seek reversal of this judgment and in their opening brief by way of a "Summary of Argument" they contend that the trial court erred in the following particulars:

"A. There was never any valid listing contract because the contract was not signed by both joint tenants.

"B. Plaintiff did not produce a buyer within the terms of the alleged listing contract.

"C. There was no valid oral extension of the written listing contract and no valid oral contract.

"D. If there was an oral listing contract, the Plaintiff did not produce a buyer within its terms."

At this point Opdyke, the defendant in error, filed a motion to dismiss the writ of error for the reason that the matters sought to be urged by the Martins in this Court were not included in the motion for new trial and for the additional reason that the motion for a new trial was itself "meaningless and wholly insufficient" to form any basis upon which a writ of error could be successfully predicated. We conclude, although somewhat reluctantly because of a disinclination to resolve any controversy upon a ground other than the merits of the mat-

ter, that the position of Opdyke is nonetheless well taken, and that under the Rules of Civil Procedure and the many decided cases interpreting these Rules this writ of error should be dismissed.

Rule 59(f), R.C.P. Colo. provides that "[t]he party claiming error in the trial court of any case . . . . must move the trial court for a new trial . . . . and the trial court may not dispense with the necessity for filing such motion but may dispense with oral argument on the motion after it is filed, *and only questions presented in such motion will be considered by the supreme court on review.*" (Emphasis supplied.)

A motion for a new trial is not to be regarded as a routine or perfunctory matter. Its obvious purpose is to direct the attention of the trial court with at least some degree of specificity to that which the losing litigant asserts to be error, all to the end that the trial court will be afforded a last look, and an *intelligent* last look, at the controversy still before it. We have repeatedly held that "the general assignments of error," such as the two contained in the Martins' motion for a new trial, do *not* comply with Rule 59(f). See, by way of example, *Shows, et al., v. Silver Shield Mining and Milling Company,* 150 Colo. 592, 375 P.2d 522.

In the instant case the several points urged in this Court by the Martins in their summary of argument, all of which is set forth verbatim above, are indeed somewhat more specific, but unfortunately—for the Martins—none of these was mentioned or even alluded to in the motion for new trial filed with the trial court. Rule 59(f) provides that "only questions present in such motion [for new trial] will be considered by the supreme court on review." As illustrative of cases wherein we have declared that this rule means that which it quite plainly says, see *Platte Valley Elevators Company v. Gebauer,* 127 Colo. 356, 256 P.2d 903.

In resisting Opdyke's motion to dismiss, the

320

Martins contend that under Rule 111(f), as this rule was interpreted in *Maloy v. Griffith,* 125 Colo. 85, 240 P.2d 923, "[this] court may in its discretion notice any error appearing of record" even though counsel may be "confined to the points properly specified." Rule 111(f), however, presupposes that a motion for a new trial be filed with the trial court, and in the absence of such a motion we will not "notice any error appearing of record." In the instant case it is as though no motion for new trial was ever filed, since the motion which was filed was couched in such broad and general language that about all it accomplished was to inform the trial court that the Martins were dissatisfied with the judgment and thought they should have won. In this particular the controversy before us now is readily distinguishable from the *Maloy* case, where the motion for a new trial specifically directed the attention of the trial court to the issue of damages, claiming that the same were excessive and that an exhibit relating to the issue of damages which had been excluded during the trial proper was inadvertently delivered to the jury for their perusal during their deliberations.

Martins' final contention that Opdyke somehow waived the entire matter because it agreed, along with the Martins, that the motion for new trial should be submitted to the trial court without oral argument is untenable. It was the duty of the Martins, not Opdyke, to prepare and file a good and sufficient motion for new trial. This the Martins failed to do.

The writ of error is dismissed.

MR. JUSTICE MOORE not participating.