Mr. Chief Justice Moore
delivered the opinion of the Court.
Plaintiff in error will be referred to as Marlin, and defendant in error as plaintiff or the trustee. The action was brought by the plaintiff as trustee for Copley & Company, which had been adjudicated a bankrupt, to recover $12,000 he alleged to be an asset of the bankrupt and which was wrongfully withheld by Marlin.
Plaintiff alleged that in November and December 1961 the managing officers and directors of Copley & Company and Marlin were identical; that they caused the sum of $12,000 to be transferred from the assets of Copley & Company to Marlin without any consideration; and that the money thus transferred was used in the corporate business of Marlin. It was further alleged in the complaint, and there was an abundance of evidence to prove it, that William L. Copley as president of Copley & Company caused the sale of certain stock options owned by the company to be made to one Sanford Hertz who paid the sum of $12,000 as the purchase price thereof; that notwithstanding that the money received from the sale belonged to Copley & Company, since it owned the stock, the purchase price thereof was paid by a draft to William L. Copley, individually. It was also alleged and established by evidence that Copley deposited the $12,000 in the bank account of The Columbia Corporation and that this deposit was made to cover a check for $12,000 made payable to Marlin which the treasurer of Columbia Corporation was directed to issue and deliver by order of Copley. It is clear that no consideration of any kind was involved in these transactions. It does appear that Marlin badly needed funds with which to discharge a pressing obligation with which Copley & Company had no connection, and it further appears that the $12,000 was used for that purpose by Marlin.
*201 Although Marlin filed an answer in which all allegations of the complaint were denied — except its corporate existence and that plaintiff was trustee in bankruptcy of Copley & Company — no witnesses were called on its behalf to dispute the evidence offered by the plaintiff. Counsel for Marlin moved for a directed verdict on the ground that there was insufficient evidence to require consideration by the jury of the issues raised by the pleadings. This motion was denied and the jury returned a verdict in favor of the plaintiff upon which judgment was entered, all as prayed for in plaintiffs complaint.
We direct attention to the motion for a new trial filed by Marlin and quote the allegation thereof in its entirety:
“Defendant moves the Court for a new trial and as grounds therefore (sic) alleges Insufficiency of the Evidence and in law pursuant to Colorado Rules of Civil Procedure, Rule 59(a), subdivision (6) and (7) as more fully set forth in the Memorandum Brief filed herewith.”
Assuming arguendo that it is permissible to incorporate in a motion for new trial the contents of a brief by reference to the latter, in the instant action no such brief is made a part of the record before this court. We know of no authority holding that a “brief” can be made part of a motion for a new trial by reference.
 A reasonable familiarity with numerous decisions of this court relating to minimum requirements of the content of a motion for a new trial would clearly indicate the gross inadequacy of the above quoted motion. A decision of this court which is particularly applicable to the instant action is Martin v. Opdyke Agency, 156 Colo. 316, 398 P.2d 971. Notwithstanding the fatal shortcomings of the motion for a new trial the transcript of the testimony at the trial has been read in full and we find that it contains an abundance of *202 evidence supporting the judgment, none of which is contradicted in any way.
The judgment is affirmed.
Mr. Justice Sutton not participating.