## No. 22281.

VIOLET A. BYNON *v.* MORRISON & MORRISON, INC., A COLO-
RADO CORPORATION; GEORGE R. MORRISON; ROBERT A. MORRI-
SON; GLADYS M. MORRISON; W. BAXTON ROSS; AND
MARTHA K. ROSS.

(456 P.2d 747)

Decided July 14, 1969.

GEORGE A. HINSHAW, for plaintiff in error.

SHELDON and NORDMARK, DANIEL H. POLSBY, GEORGE M. ALLEN, for defendants in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

MRS. BYNON, the plaintiff below, brought action against the defendants in error to recover damages for personal injuries sustained in a fall. The fall took place on premises devoted to multifamily dwellings owned by the individual defendants and managed by the corporate defendant. The jury returned a verdict for the defendants.

The plaintiff's son occupied one of the aforementioned dwellings as a tenant. Plaintiff was a visitor at her son's home one evening. She parked her car in a parking area provided by the defendants for tenants and their guests. An alley ran between the parking lot and the backyard of the neighboring dwellings and her son's dwelling. Plaintiff proceeded to her son's dwelling using a sidewalk, portions of which, according to her testimony, were icy. At the end of the evening and at the suggestion of her daughter-in-law she departed by traversing the backyard. She did not use the sidewalk. Near the alley she slipped on an icy spot, caught her toe in the broken lid of a garbage receptacle, and fell. The lid had been in this condition for several years. An agent for the defendant corporation testified that it should have been repaired and that it was the corporation's duty to repair it. Also, there was evidence that the defendants had failed to provide proper illumination for the backyard area and to clean the sidewalks.

I.

Admittedly, the plaintiff was an invitee of the defendants up to the time she commenced her departure. One of the principal questions was whether, when she took a route other than the sidewalk, she remained an invitee or became a licensee. The plaintiff contended that the

court should have ruled as a matter of law that she was an invitee of the defendants. The defendants urged that it rule that she was a licensee. Instead, as it should have done, the court submitted the question of whether she was an invitee or a licensee to the jury. This was done by the following instructions:

"INSTRUCTION NO. 8

"You are instructed that if you determine that at the time of this incident the plaintiff was an invitee on the premises owned by the defendants, the defendants owed a duty to protect the invitee not only against danger which *she* knew but also against those which with reasonable care *she* might discover. The mere existence of risk is not sufficient, but the condition created by the conduct of the defendants must pose an appreciable risk of harm. [Emphasis added.]

"INSTRUCTION NO. 9

"You are instructed that if you find that the plaintiff was a 'licensee' on the property of the defendant, then you are further instructed that a licensee takes the premises as he or she finds them, the owners being under no obligation other than to refrain from intentionally injuring him or her and to use reasonable care after becoming aware of his or her presence not to do something that would injure him or her."

The court failed to advise the jury of the definitions of the terms "invitee" and "licensee." Apparently, counsel were so intent upon their respective positions that the court should determine plaintiff's status as a matter of law that they failed to request that the court define the terms or to tender any instructions on the subject. This error was not mentioned in the motion for new trial.

 It is clearly within our discretion whether we choose to follow R.C.P. Colo. 59(f) (only questions presented in the motion for new trial will be considered on review) or whether we proceed, *sua sponte*, to take notice of the error under R.C.P. Colo. 111(f). See *Hoggard v.*

*Gen'l Rose Hosp.*, 160 Colo. 459, 420 P.2d 144; *Martin v. Opdyke Agency*, 156 Colo. 316, 398 P.2d 971; and *Maloy v. Griffith*, 125 Colo. 85, 240 P.2d 923. The error did not cause an evident miscarriage of justice. We have concluded that this is a case in which we should not reverse by reason of a matter not called to the attention of the trial court.

## II.

■ Attention is directed in Instruction No. 8, quoted earlier herein, to the word "she" which was twice italicized. It would seem that, instead of the designation of the plaintiff by the word "she," the instructions should have provided that the defendants owed a duty to protect the invitee, not only against danger which the *defendants* knew, but also against danger which with reasonable care the *defendants* might discover. Objection on that account is made here for the first time. If this be error, it was not prejudicial to the plaintiff — rather to the defendants.

## III.

■ The plaintiff urges that Instruction No. 9 set forth above does not state correctly the duty owed by the defendants to the plaintiff if she was a licensee. The only objection made to this instruction during the trial was as follows: "The plaintiff objects to Instruction No. 9 on the grounds that the clear evidence demonstrates that plaintiff was not a licensee, but in fact was a business invitee." The only mention of the matter in the motion for new trial was that, "The Court erred in giving the instructions heretofore objected to by the plaintiff * * *." Although Instructions Nos. 8 and 9 were not as precise and complete as the model instructions which will eventually appear in the "Colorado Jury Instructions," nevertheless, we believe the instructions given were sufficiently correct that, in the light of the failure to call any defects to the trial court's attention, we deem it inappropriate to reverse on this account. *Restatement of Torts* (2d) §§ 330, 332 and 343 (1965).

## IV.

██ We find the plaintiff's contention, that it was error to instruct the jury on contributory negligence, to be without merit.

## V.

██ During the defendants' case, over objection, the defendants were permitted to introduce weather reports showing that it had not snowed during that day and evening at Stapleton Airfield. The airfield is not too far distant from the premises involved. The purpose of the reports was to impeach the witnesses who testified that it snowed that evening and that snow and ice had accumulated on the sidewalk. Defendants were in a position to anticipate the plaintiff's evidence to the effect that it had snowed by reason of depositions that had been taken prior to trial. The defendants did not submit these weather reports at the pre-trial conference, and neither did they give any advance notice that they intended to do so. The pre-trial order specified that, if any exhibits other than those listed in the order were to be used by the parties, a copy of each exhibit should then be furnished to opposing counsel at least ten days prior to trial. Plaintiff believes that it was error, therefore, to admit these reports. We do not agree. We are not inclined to reverse the trial court's ruling that the reports were used for impeachment purposes, and, in effect, that the defendants were not compelled to give advance notice of their intended use. *Harstone Concrete Products Co. v. Ivancevich*, 200 So.2d 234 (Fla. App.).

Judgment affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY dissent.

MR. JUSTICE PRINGLE dissenting:

I respectfully dissent.

The majority opinion points out the error of the court in failing to instruct the jury upon the legal definition of the terms "invitee" and "licensee" as those terms were

used in the instructions defining the duties of the defendant. The majority feels, however, that we should not reverse on account of this error since it was not mentioned in the motion for new trial. I cannot agree.

I think the above-mentioned error is so fundamental in this case that this Court ought to notice the said error on its own motion under R.C.P. Colo. 111(f). One of the basic issues of this case was whether the plaintiff was an invitee or a licensee at the time of the accident. She was, of course, an invitee while visiting her son and the serious question in this case is whether, when she failed to use the sidewalk and instead took the path, she left the zone of invitation and became a licensee. The sidewalk was provided by the defendants for the use of the tenants and the tenants' guests. Had she stayed on the sidewalk, she would have clearly remained an invitee. There was conflicting evidence as to whether the sidewalk was safe for traveling. When the zone of invitation is made unsafe by the owner, then the invitee does not forfeit his status by departing from the zone in a reasonable and prudent manner. See *Wooll v. J. S. Shea Co.*, 214 Cal. 302, 5 P.2d 421. It was the duty of the trial court here, on its own motion in the absence of a request therefor, to instruct the jury on what principles of law it should apply in determining what I consider to be the threshold issue in the case, that is, whether or not plaintiff was a licensee or an invitee. See *Maloy v. Griffith,* 125 Colo. 85, 240 P.2d 923.

The failure of the trial court to do so, in my view, constituted such fundamental error as to deprive the parties of a fair trial and should, in my opinion, require reversal by this Court.

MR. JUSTICE KELLEY authorizes me to say that he joins in this dissent.