MR. JUSTICE DAY
delivered the opinion of the Court.
We granted certiorari to review Anlauf Lumber Co. v. West-Fir Studs, Inc., 35 Colo. App. 119, 531 P.2d 980 (1974), in which the court of appeals dismissed the appeal from the trial court judgment. We affirm.
Defendants-appellants West-Fir Studs and Craig Lumber Company (petitioners herein) sought to appeal a judgment in favor of plaintiffappellee (respondent herein) for unpaid rent in the sum of $6,124.70, less a setoff judgment of $1,249.91. They also appeal the denial of their other counterclaims.
The trial court had denied petitioners’ motion for a new trial because no accompanying memorandum of law was filed with the motion. See C.R.C.P. 59(a). The court of appeals, on its own motion, dismissed the appeal on the same grounds.
While we affirm the court of appeals’ decision, we granted certiorari in order to clarify misleading language within the opinion stating that a memorandum in support of a motion for new trial is mandatory. This is an erroneous interpretation of the rule and nullifies the discretion in the trial judge to consider a motion for new trial without a memorandum.
Rule 59 provides that the court has the authority to permit a party to proceed without such a brief. In this case no such order was either sought or issued and the trial court, within its discretion, denied the motion.
We have no quarrel with the remaining portions of the court of appeals’ opinion and agree with the language below.
“. . . Where, as here, the court denied the motion, not on the merits, but for noncompliance with the Rule, it is as though no motion for new trial was ever filed. See Martin v. Opdyke Agency, Inc., 156 Colo. 316, 398 P.2d 971 [1965], There being no motion for new trial, there is nothing to be considered by this court on review. C.R.C.P. 59(f).”
Judgment affirmed.
MR. JUSTICE LEE does not participate.