William F. MORT

v.

A/S D/S SVENDBORG, D/S AF 1912 A/S

v.

UNIVERSAL TERMINAL & STEVEDORING CORP.

Civ. A. No. 35705.

United States District Court
E. D. Pennsylvania.

Nov. 7, 1966.

Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Joseph R. Thompson, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This is a personal injury action in which the plaintiff seeks damages for injuries allegedly suffered while he was employed on the defendant's vessel. The matter is now before the Court on the third party defendant's objections (hereinafter called "defendant") to certain of the plaintiff's interrogatories. The disputed interrogatories are as follows:

"4. State in detail the information you or any of your representatives have or are aware of relating to the accident, as to how the accident occurred, and the facts leading up to the accident, and set forth all such information whether or not it is conflicting.

\* \* \* \* \* \*

"30. State whether plaintiff was given any medical attention at any time after the said accident. In connection therewith, setforth the following in detail:

(a) when and for what period such medical attention or medical examination was given or made;

(b) the name and address of any hospital, infirmary, medical office, medical center where such medical attention or medical examination was given or made;

(c) the names of the physicians, nurses or other medical aides or persons who furnished or administrated the medical attention or made such medical examination;

(d) state whether any medical reports were prepared and whether any x-rays were taken of whatever nature and from whatever source; identify each report or x-ray specifically and with respect to each, state the facts contained therein, and if such reports were oral, set forth the facts related;

(e) if the answer to the previous interrogatory is in the negative, state specifically and in detail why the plaintiff did not receive medical attention after the injury; and

(f) state the present location and custodian of all such medical reports and records.

"31. Did plaintiff ever suffer any injuries, sickness, disease or abnormality of any kind prior to the accident alleged in this action involving any part or function of the body claimed in this suit to have been injured;

"32. If so, when? What was the said injury, sickness, disease or abnormality?

"33. Was plaintiff ever examined or treated for any injuries, sickness, disease, or abnormality prior to the accident alleged in this action involving any part or function of the body

claimed in this suit to have been injured? If so, when, where and by whom?

"34. State the number of claims plaintiff has made against you or any other defendant within the last five years, and state:

(a) the dates of such claims;

(b) the basis of such claims."

Upon examining the above interrogatories, in connection with a review of the pertinent authorities, the Court makes the following rulings:

■ (1) The defendant's objection to interrogatory number (4) will be sustained. Although there would be no objection to that portion of the interrogatory which calls for information regarding the facts of the accident, the introductory phrase calling for a recitation of all information the defendant possesses "relating to the accident" is entirely too broad to permit an effective response. The plaintiff will be permitted to amend interrogatory number (4) to omit the objectionable portion.

■ (2) The defendant's objection to interrogatory number (30) will be sustained. This interrogatory seeks to elicit information regarding medical examinations and treatment administered to the plaintiff after the accident. However, there is no indication that the inquiry is limited to examinations and treatment afforded by the defendant, or whether it was intended to have as broad a scope as the remaining interrogatories discussed hereinafter. If it were limited to the defendant, this Court would rule that some of the information requested is discoverable. At the same time, however, at least a portion (sub-paragraph d) would be denied for the reason that the information sought should more properly be the subject of a motion under Fed.R.Civ.P. 34 or 35. The plaintiff may rephrase interrogatory number (30) to comply with the Court's ruling.

■ (3) The defendant's objections to interrogatories numbered (31), (32),

(33) and (34) will be sustained. These interrogatories involve a common principle, and may be disposed of collectively.

In essence, these questions require the defendant to state in detail its knowledge of the plaintiff's prior illnesses and injuries. In support of its position, the plaintiff points to the general policy of avoiding surprise and facilitating a formulation of the issues before trial. The defendant asserts that the plaintiff already possesses the information sought, and, further, that the only purpose in requiring a disclosure of this information is to deprive the defendant of its right to conduct an effective cross-examination.

The plaintiff did not disagree with this characterization of the purpose of the disputed interrogatories, but instead contented himself with calling the Court's attention to the potential prejudice from the defendant's use of its information in the event the plaintiff innocently neglected to mention a prior illness or injury.

After evaluating the respective arguments, it is clear to the Court that the defendant's objections must be sustained. Unless the plaintiff suffers from an unusual lapse of memory, he will recall prior incidents which might be of importance in determining the causal relationship between his present disability and the alleged accident. If he innocently neglects to mention a minor incident he will be given full opportunity to explain the error.

■■ In so concluding the Court is not persuaded solely by the fact that the plaintiff may already have the information sought. This circumstance would not in itself require an automatic refusal of the interrogatory. See e. g. 4 Moore, Federal Practice ¶ 33.13, at 2293 (2 ed. 1963, Supp.1965). Apart from this, however, it is apparent that the object of these interrogatories is not to discover facts in the discovery sense of the word, but instead to frustrate an effective cross-examination and to avoid the possibility of impeachment. Such was not the

intent of the framers of our rules of discovery.

The Court is unaware of any case where this was permitted. On the contrary, those courts which have considered related questions have decided against permitting them. See Stone v. Marine Transport Lines, Inc., 23 F.R.D. 222 (D.C.1959); Bogatay v. Montour Railroad Company, 177 F.Supp. 269 (W.D.Pa. 1959). Accordingly, the defendant's objections to these interrogatories will be sustained.