507 P.2d 478 (1972)
Emery L. CRIST, Plaintiff-Appellant,
v.
Margaret GOODY and Jean E. Goody, Defendants-Appellees.
No. 71-277.
Colorado Court of Appeals, Div. I.
December 5, 1972.
Rehearing Denied December 27, 1973.
Certiorari Denied March 26, 1973.
*479 Joseph J. Branney, John A. Criswell, Englewood, for plaintiff-appellant.
White & Steele, R. Eric Peterson, Denver, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
Suit was brought against defendants, Margaret Goody and Jean E. Goody, for personal injuries sustained by plaintiff in an automobile accident. Plaintiff, Emery L. Crist, appeals from an $8,000 judgment entered in his favor. A collision occurred at an intersection in Aurora, and the jury found that plaintiff's injuries were the result of defendant Margaret Goody's negligence. That negligence was imputed to Margaret's mother, Jean, under the family car doctrine.
During the trial defendants introduced into evidence certain "surveillance movies" taken of plaintiff, and they also called the photographer as a witness. Plaintiff alleges that the court erred in allowing the witness to testify and in admitting the films, or in the alternative, in not granting plaintiff a mistrial or a continuance to obtain additional rebuttal testimony.
A pre-trial conference was held in this case under C.R.C.P. 16, augmented by local rule XVI of the trial court. By these rules parties are required to list prior to trial all witnesses and exhibits known to those parties. Defendants listed neither the films nor the surveillant through whose testimony the films were introduced. The films were taken prior to trial at the request of defendants and without plaintiff's knowledge. They show plaintiff carrying out his occupational duties in a manner tending to prove that plaintiff was not disabled to the extent claimed, if at all.
Defendants contend that "surveillance movies" are purely impeachment evidence and do not have to be listed at the pretrial conference nor disclosed prior to trial. Although no discovery proceedings *480 were used by plaintiff to determine the existence or non-existence of the films, defendants also contend that "surveillance movies" are not discoverable under the Colorado Rules of Civil Procedure. With both contentions we disagree.
We hold first that "surveillance movies" are primarily substantive evidence and not totally or even basically impeachment evidence. Admittedly the line between impeachment evidence and substantive evidence is difficult to draw. See Zimmerman v. Superior Court, 98 Ariz. 85, 402 P.2d 212. Any evidence submitted which conflicts, to any degree, with other prior evidence relating to the same allegation has a tendency to impeach the prior evidence or to weaken the credibility of the party who introduced it. That element of impeachment, however, does not change the fundamental purpose of "surveillance movies" of providing substantive evidence which tends to prove or disprove a factual issue in the case. The films and introductory testimony in the case at hand were offered for the obvious purpose of affirmatively proving the absence of disability of plaintiff, or at least of showing a lesser degree of disability than that claimed by plaintiff, and any impeaching effect of the evidence is subservient to its substantive basis.
The purpose of the discovery rule, C.R.C.P. 26, patterned after Fed.R.Civ.P. 26, and the pre-trial procedure, C.R.C.P. 16, similarly patterned after Fed.R.Civ.P. 16, is to eliminate secrets and surprises at trial, simplify the issues, and lead to fair and just settlements without having to go to trial. Clark v. Pennsylvania R. Co., 2 Cir., 328 F.2d 591; Clevite Corp. v. Beckman Instruments, Inc., D.C., 257 F.Supp. 50. See Lucas v. District Court, 140 Colo. 510, 345 P.2d 1064. For these reasons the rules dealing with interrogatories, discovery, and production must be construed liberally. See United States v. 900.57 Acres of Land, D.C., 30 F.R.D. 512; United States v. National Steel Corp., D.C., 26 F.R.D. 607. We hold that "surveillance movies" are discoverable under the Colorado Rules of Civil Procedure, and they are also subject to production through pre-trial procedure. C.R. C.P. 16 and 34. Bynon v. Morrison and Morrison, Inc., 169 Colo. 384, 456 P.2d 747, relied upon by defendant, is not applicable.
The failure to list the films and the surveillant at pre-trial, or to make them known prior to trial, did not mean that the defendants were conclusively prohibited from having the desired evidence admitted. The defendants were simply taking a risk that the trial court in its discretion might refuse to modify the pre-trial order. Such a modification will be refused unless it is determined by the court to be necessary "to prevent manifest injustice." C.R.C.P. 16 (c). The trial court did, in fact, admit the evidence after viewing the films and after finding that "substantial justice" required admission.
The error in this case arises not from an abuse of discretion by the court in admitting the films but, from an abuse of discretion in denying plaintiff's motion for a mistrial or continuance. While substantial justice may demand that the films be admitted, it also demands that the surprised party be given a continuance or granted a mistrial, if requested, in order to insure a fair trial. The court denied both motions and under the circumstances of this case this was an abuse of discretion. See Boldt v. Sanders, 261 Minn. 160, 111 N.W.2d 225.
Defendants' cross-appeal concerning alleged errors in jury instruction has been considered in light of the record, and no error is found.
Judgment is reversed and the case remanded for a new trial on the issue of damages only.
COYTE and DWYER, JJ., concur.