**Matthew MARTIN, Plaintiff,**

v.

**The LONG ISLAND RAIL ROAD COMPANY, Defendant.**

**No. 73 C 1687.**

United States District Court,
E. D. New York.

May 6, 1974.

Feren & Flynn, New York City, for plaintiff; Michael D. Flynn, East Setauket, N. Y., of counsel.

George M. Onken, Jamaica, N. Y., for defendant.

### MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

In this action under the Federal Employers' Liability Acts (45 U.S.C.A. § 51 et seq.) plaintiff seeks to inspect photographs and movies taken at the direction of defendant's counsel during the litigation's course; purportedly they demonstrate that claims of permanent physical impairment are fraudulent. Effective administration of justice requires that the motion be granted.

### 1. *Effective Settlement Discussions*

In accordance with this court's standard practice in this type of case, the matter has been referred to the Magistrate to, among other matters, "consider the possibility . . . of settlement and to assist . . . as may be appropriate." Meaningful settlement discussions will be facilitated if the Magistrate and parties can evaluate possible evidence.

An overwhelming percentage of civil cases are settled. It is as important to have fair procedures for this kind of disposition as it is for trials. *Cf.* Fed. R.Civ.P. 26(b)(2) (amount of insurance).

### 2. *Effective Authentication Practice*

If the case is tried the pictures will need to be authenticated. *See* Proposed Fed.R.Ev. 901 et seq.; McCormick on Evidence 533–534 (Cleary, 2d ed. 1972); Am.Coll.Trial Lawyers and ALI– ABA Joint Committee on Continuing Legal Ed., Civil Trial Manual, 280– 281 (R. McC. Figg, R. C. McCullough II, J. L. Underwood, Reporters, 1974). Stopping the trial while counsel and the court examine films outside the jury's presence and then possibly granting continuances should experts be needed to adequately test them is to be avoided where possible. Exhibiting the film in advance of trial permits the kind of stipulations and admissions required by effective pretrial procedures. *See, e.g.* Fed.R.Civ.P. 16(3) ("admissions of fact and of documents which will avoid unnecessary proof"); Standard Order of this Court Referring Civil Cases to Magistrates (to "assist the parties in such . . . ways, as may serve the interests of justice and the prompt and orderly disposition of the action").

### 3. *Effective Preparation for Trial*

Experience suggests that while surprise has a healthy prophylactic effect against possible perjury, on balance, cases are more likely to be decided fairly on their merits if the parties are aware of all the evidence. Both sides are then in a position to contradict opposing evidence and the adversarial process works most efficiently. 8 C. Wright and A. Miller, Federal Practice and Procedure § 2015 (1970); W. S. Gourley, Effective Pretrial Must Be The Beginning Of Trial, 28 F.R.D. 165, 169–170 (1960) ("The use of movies to attack the credibility of a claimant in a personal injury suit has been used with varying effect in the United States Courts. I, for one, require a showing in the presence of all

counsel prior to trial to inform opposing counsel of the nature of the movies and allow him opportunity to prepare explanatory testimony and to further give the Court opportunity to enter a firm ruling as to their admissibility if any part thereof should be subjected to censor."). *But cf.* Mort v. A/S D/S Svendborg, 41 F.R.D. 225, 227–228 (E.D.Pa.1966) ("[I]t is apparent that the object of these interrogatories is not to discover facts in the discovery sense of the word, but instead to frustrate an effective cross-examination and to avoid the possibility of impeachment. Such was not the intent of the framers of our rules of discovery . . . Accordingly, the defendant's objections to the interrogatories will be sustained."); Hikel v. Abousy, 41 F.R.D. 152, 155 (D.Md.1966) ("Any such pictures [of plaintiff taken, after the accident] would represent material prepared for cross-examination or impeachment, and this Court has held in analogous situations that interrogatories need not be answered when the only purpose of the interrogatory is to prevent effective cross-examination.").

Based on this experience, opinions which have treated the matter most extensively require a showing of films and pictures in advance of trial. *See* Blyther v. Northern Lines, Inc., 61 F.R. D. 610 (E.D.Pa.1973); Snead v. American Export-Isbrandtsen Lines, Inc., 59 F.R.D. 148 (E.D.Pa.1973); Zimmerman v. Superior Court, 98 Ariz. 85, 402 P.2d 212 (en banc, 1965); Suezaki v. Superior Court of Santa Clara County, 58 Cal.2d 166, 23 Cal.Rptr. 368, 373 P.2d 432 (en banc, 1962); Boldt v. Sanders, 261 Minn. 160, 111 N.W.2d 225, 227–228 (1961); Olszewski v. Howell, 253 A.2d 77 (Delaware Superior Court, 1969).

The plaintiff has already been committed to his position by deposition and interrogatory, blunting the argument that surprise may discourage successful perjury. Were this not the case, the court would condition its order granting an inspection on the plaintiff's first giving his deposition and answering interrogatories. *See* E. Cooper, Work Product of the Rulemakers, 53 Minn.L.Rev. 1269, 1318 (1969); 8 C. Wright and A. Miller, Federal Practice and Procedure § 2015, p. 121 (1970). *But cf.* Margeson v. Boston & Maine R.R., 16 F.R.D. 200, 201 (D.Mass.1954) (dangers in fabrication of alerted witness).

Federal civil discovery is broad enough to include surveillance films. *See* Fed.R.Civ.P. 26(b)(1), 34(a). Since plaintiff's past activities obviously can no longer be filmed, the barrier of the work-product rule is lifted. *See* Fed.R.Civ.P. 26(b)(3) ("showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."); *cf.* Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) ("where the witnesses are no longer available").

The motion is granted.

So ordered.