**Laurie DELVAUX, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. 80–C–428.**

United States District Court,
E. D. Wisconsin.

July 28, 1981.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

Paul E. Schwemer, Merten & Schwemer, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

On May 12, 1980, plaintiff Laurie Delvaux instituted this action against defendant Ford Motor Company seeking damages for injuries she allegedly suffered in an automobile accident involving a 1968 Ford Mustang in which she was riding. The accident occurred on May 21, 1977.

On May 16, 1980, four days after she filed this action, plaintiff commenced an identical action in the Circuit Court for Brown County. Subsequently, on June 25, 1980, plaintiff filed a motion for abstention or dismissal of this action. She argued that the Court should refrain from exercising jurisdiction and allow the state court to hear the case because a proceeding in Brown County would be more convenient to the parties and witnesses than a proceeding in federal court. The Court denied plaintiff's motion on November 26, 1980.

Two motions are currently pending before the Court. In her first motion, plaintiff has renewed her motion for abstention. In her second motion, plaintiff seeks an order limiting defendant's access to the film she intends to show at trial. The film, which presents a view of plaintiff's daily routine since the accident, has been edited into a 50-minute presentation from approximately ten hours of film. Defendant seeks all ten hours of footage. Plaintiff seeks to limit defendant's access to the 50-minute pre-final cut of the film.

## I. ABSTENTION

In her renewed motion for abstention, plaintiff relies on *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1979), two cases in which the Supreme Court discussed the circumstances in which a district court may properly stay or dismiss an action on the ground that there is a similar action pending in state court in which the controversy between the parties can be resolved.

In *Colorado River*, the United States instituted an action in federal court in Colorado against some 1,000 water users in certain rivers in Colorado Water Division No. 7. Subsequently, one of the defendants in the federal action filed an application in the Colorado state court for Division 7 to have the United States made a party to proceedings there for the purpose of adjudicating all the Government's claims, both state and

federal, pursuant to the McCarran Act, 43 U.S.C. § 666. The federal district court, on abstention grounds, granted the landowners' motion to dismiss the Government's suit.

Although the Supreme Court found that the district court's reliance on the doctrine of abstention was inappropriate, it nonetheless upheld the dismissal. In upholding the dismissal, the Court recognized a fourth type of "abstention," one based on considerations of judicial administration. The Court stated:

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on consideration of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." . . . Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. . . . This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. . . . Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist. (citations omitted). 424 U.S. at 817–818, 96 S.Ct. at 1246.

Despite its recognition that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, the Court found the case before it was one of the "exceptional" cases warranting dismissal. Several factors led the Court to this decision. The most important factor was the McCarran Act itself because that act recognizes the desirability of unified adjudication of water rights and the availability of state systems like the one in Colorado for such adjudication and management of rights to use the state's water. Other significant factors included:

> (a) the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss, (b) the extensive involvement of state water rights occasioned by this suit naming 1,000 defendants, (c) the 300-mile distance between the District Court in Denver and the court in Division 7, and (d) the existing participation by the Government in Division 4, 5, and 6 proceedings. 424 U.S. at 820, 96 S.Ct. at 1247.

Although the Supreme Court approved a fourth category of "abstention" in *Colorado River*, the Court's reference to the federal courts' virtually unflagging obligation to exercise jurisdiction in all but exceptional cases led observers to conclude that this type of "abstention" should rarely be invoked.

In *Calvert Fire*, the Supreme Court implicitly gave district courts the power to determine whether to apply the fourth type of "abstention" when it held that the Seventh Circuit Court of Appeals should not have issued a mandamus order directing the district court to proceed with an action it had stayed to allow a parallel action in state court to proceed. The Seventh Circuit had based its decision on *Colorado River*. Although a plurality of the Court recognized the virtual obligation of the federal courts to exercise the jurisdiction given them, it stated "the decision whether to defer to the concurrent jurisdiction of a state court is, in

the last analysis, a matter committed to the District Court's discretion." 437 U.S. at 664, 98 S.Ct. at 2558.

In this action, plaintiff argues the Court should exercise its discretion and grant the stay. Because the case potentially may involve questions of state law relating to comparative negligence, Pierringer releases and strict liability, she believes the case raises difficult, unresolved questions of state law and also falls into the *Colorado River* exceptional category.

The Court does not agree. Although this case potentially could involve difficult questions of state law with respect to the relationship between comparative negligence and product liability, this Court is well suited to resolve those issues. Because there is considerable case law on both issues, this Court would not likely forge into new areas of law without guidance from the Wisconsin Supreme Court. Moreover, there is a question as to whether the related state case will ever proceed to trial. In his affidavit in opposition to abstention, defendant's counsel, upon information and belief, stated that all of the parties in the related state action, with the exception of one defendant and its insurers, have settled and resolved their claims. In fact, Judge Duffy, the state court judge presiding over the state court actions, thought the related case had been settled. (Transcript, p. 4). Thus, there exists a strong possibility that the parallel state action will never proceed to trial.

 In rejecting plaintiff's renewed motion for abstention, the Court recognizes plaintiff may be forced to incur additional expenses as a result of having to proceed in two different courts. However, in light of this Court's ability to resolve this matter, the likelihood that the related state court action will settle, and the Supreme Court's admonition in *Colorado River* that federal courts have a virtually unflagging obligation to exercise the jurisdiction given them, the Court is of the opinion that this case is not an exceptional case demanding abstention. Accordingly, plaintiff's renewed motion for abstention is hereby denied.

## II. MOTION TO LIMIT DISCOVERY

 At the status conference held on July 7, 1981, the Court opined, and plaintiff's counsel agreed that, in all fairness, defendant's counsel must be given the opportunity to view the entire 10 hours of film. Accordingly, plaintiff's motion for a protective order limiting defendant's access to the 10 hours of film must be and is hereby denied. Counsel for the parties are to meet within 20 days of the date of this order to make arrangements for defendant's counsel to view the film. If defendant wishes to obtain copies of all or any portion of the film, it may do so only after it agrees to limit its use of the film to this litigation. In addition, defendant is to bear the cost of any reproduction.

## III. SUMMARY

In summary, plaintiff's motion for reconsideration of the abstention question is denied. Plaintiff's motion for a protective order limiting defendant's access to the 10 hours of film is denied. A pretrial conference is scheduled for 9:30 A.M., Friday, January 29, 1982. All discovery is to be completed by that date.