Mamie N. **HADDOCK**,
Plaintiff-Appellant,

v.

**J & J ROOFING COMPANY**, a Colorado corporation; and **Judd O. Grizzle**,
Defendants-Appellees.

No. 84CA0339.

Colorado Court of Appeals,
Div. II.

April 25, 1985.

Richeson & McCain, David B. Richeson, Denver, for plaintiff-appellant.

Richard M. Huckeby, Denver, for defendants-appellees.

KELLY, Judge.

Plaintiff, Mamie N. Haddock, appeals the trial court's dismissal of her cause of action against J & J Roofing Company, defendant. We affirm.

In July 1980, defendant agreed to install a flat roof on a building owned by plaintiff, guaranteeing workmanship and materials for a period of 10 years. Following completion of the roof, leaks developed. When defendant's attempts to remedy the situation failed, plaintiff filed this suit seeking damages for failure to repair pursuant to the guarantee.

On the morning of trial, defendant filed a motion *in limine* which, as pertinent here, sought exclusion of (1) any items of special damages claimed by plaintiff; (2) any opinion or expert testimony offered by plaintiff; (3) any evidence or testimony of negligence on the part of defendant; and (4) any exhibit not specifically listed by plaintiff. As grounds for exclusion, defendant's motion alleged that plaintiff had failed to comply with the rules of discovery and the pre-trial order. The trial court granted defendant's motion *in limine*, and the trial proceeded. At the close of plaintiff's case, defendant's motion for dismissal was granted.

I.

On appeal, plaintiff contends that the trial court erred in granting defendant's motion *in limine*, arguing that she had complied with the rules of discovery and the pre-trial order. We disagree.

The purpose of discovery and pre-trial procedure rules is to eliminate secrets and surprises at trial, simplify the issues, and lead to fair and just settlements without having to go to trial. *Crist v. Goody*, 31 Colo.App. 496, 507 P.2d 478 (1972). A pre-trial order, if not objected to, controls the introduction of evidence at trial. *Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331 (Colo.App.1981); C.R.C.P. 16(c); First Judicial District Rule 23(h). Where a party fails to comply with the pre-trial order, the trial court has broad discretion in determining the sanctions to be imposed. *Great Western Sugar Co. v. Northern Natural Gas Co.*, 661 P.2d 684 (Colo.App.1982) *aff'd sub nom.*, *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (1985); C.R.C.P. 16(d).

Under the circumstances here, we conclude that the trial court did not abuse its discretion in imposing punitive sanctions granting defendant's motion *in limine*. The pre-trial order provided for introduc-

tion of any exhibits listed in the parties' pre-trial statements; required that each party submit a written report form, or a written resume of the testimony of, any expert witness 30 days before trial; and required plaintiff to itemize any special damages claimed and to submit to defendant any bills therefor, 30 days prior to trial.

In her brief, plaintiff admitted that, through oversight, she had failed to list the contract and the guarantee as exhibits. Plaintiff's pre-trial statement, which was incorporated into the pre-trial order, indicated only that her experts would testify as to their inspection of the roof and its condition. Finally, prior to trial, plaintiff failed to itemize, or to submit, any bills reflecting special damages.

During trial, the court refused to admit the contract and guarantee into evidence but allowed oral testimony concerning the same; it prohibited opinion testimony from plaintiff's experts but permitted them to testify as to matters specified in plaintiff's pre-trial statement; and it excluded evidence of damages claimed as a result of defendant's alleged failure to repair. Because these evidentiary rulings were consistent with the trial court's order granting defendant's motion *in limine*, we find no error.

■ The trial court's exclusion of evidence regarding negligence was also within its discretionary powers to impose punitive sanctions. Plaintiff's complaint sought damages for defendant's failure to repair pursuant to its guarantee; it did not allege a cause of action for negligence. The trial court properly ruled that evidence of negligence which may have occurred during defendant's initial installation of the roof was not relevant to the defendant's subsequent failure to repair as he had promised.

## II.

Plaintiff also contends that the trial court abused its discretion by failing to grant a continuance to enable plaintiff to respond to defendant's motion *in limine*. Again, we disagree.

■ By failing to disclose evidence which she intended to introduce at trial, plaintiff took the risk that the trial court, in its discretion, might refuse to modify the pre-trial order and disallow admission of the evidence. *See Crist v. Goody, supra.* Moreover, the record does not show that plaintiff requested a continuance. Accordingly, we find no abuse of discretion in the trial court's failure to grant a continuance. *See Worthen Bank & Trust Co. v. Silvercool Service Co.,* 687 P.2d 464 (Colo.App. 1984); *Crist v. Goody, supra.*

## III.

■ In granting the motion to dismiss, the trial court found that plaintiff had failed to show that defendant had breached any standard of good workmanship in the installation of the roof and that she had failed to prove the amount of damages suffered. These findings are supported by the record and will not be disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). Accordingly, we reject plaintiff's claim that the trial court erred in failing to award damages upon either the theory of breach of warranty or that of recission.

## IV.

■ Applying the standards enunciated in *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984), we cannot conclude that plaintiff's appeal is frivolous and decline to grant defendant's request for attorney fees under C.A.R. 38.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.