Gregory **DANIELS**, Plaintiff,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION**, Defendant.

No. 85 Civ. 7789 (LLS).

United States District Court,
S.D. New York.

April 30, 1986.

Juron & Minzner, New York City (Edward M. Cohen, of counsel), for plaintiff.

Siff, Newman, Rosen & Parker, New York City (John A. Bonventre, of counsel), for defendant.

STANTON, District Judge.

Plaintiff sues the National Passenger Railroad Corporation under the Federal Employers Liability Act, 45 U.S.C. §§ 52–60, and the Federal Safety Appliance Act, 45 U.S.C. §§ 1–16, alleging that he suffered personal injuries while in the defendant's employ. Plaintiff has moved for an order compelling defendant to allow him to view any photographs, movies or videotapes of plaintiff in defendant's possession. The motion is granted.

The federal discovery rules were designed to encourage liberal pre-trial disclosure in order to make trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *see also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985); *Schlesinger Investment Partnership v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir.1982); *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 474 (S.D.N.Y.1982). However, in order to protect the value of surveillance films to be used for impeachment of the plaintiff if he exaggerates his disabilities, while still serving the policy of broad discovery, it may be appropriate to require disclosure of such impeachment materials only after the depositions of the plaintiff or other witnesses to be impeached, so that their testimony may be frozen. *See Blyther v. Northern Lines, Inc.*, 17 Fed.R.Serv.2d 340, 341, 61 F.R.D. 610 (E.D.Pa.1973); *Snead v. American Export-Imbrandtsen Lines, Inc.*, 59 F.R.D. 148, 151 (E.D.Pa.1973).

That procedure is appropriate here. Disclosure of any surveillance films or videotapes will not only allow plaintiff to review the materials for authenticity and otherwise prepare effectively for trial, but it may also encourage settlement of the suit, a legitimate function of pre-trial discovery. *See Martin v. Long Island Railroad Co.*, 63 F.R.D. 53, 54–55 (E.D.N.Y. 1974) (collects authorities and marshals arguments concerning production of impeachment surveillance films). Before the disclosure, however, defendant must be afforded the opportunity to take the depositions of the plaintiff and any other affected persons, so that the prior recording of their sworn testimony will avoid any temptation to alter that testimony in light of what the films or tapes show. *See Blyther v. Northern Lines, Inc.*, 61 F.R.D. 610, 611–12 (E.D.Pa.1973). The defendant must produce for plaintiff's inspection not only those portions of film or tape which it intends to introduce at trial, but all films or tapes of the plaintiff in its possession. *See Delaveaux v. Ford Motor Co.*, 518 F.Supp. 1249, 1252 (E.D.Wis.1981).

So ordered.