**Raymond W. FORBES, Jr. and Carol Lynn Forbes, Plaintiffs,**

v.

**HAWAIIAN TUG & BARGE CORP., Defendant.**

**Civ. No. 87–0789 DAE.**

United States District Court, D. Hawaii.

May 4, 1989.

---

Paul F. Cronin, Cronin, Fried, Sekiya, Kekina & Fairbanks, Honolulu, Hawaii, for plaintiffs.

Leonard F. Alcantara, Joy Lee Cauble, Alcantara & Frame, Honolulu, Hawaii, for defendant.

## ORDER AFFIRMING IN PART AND REVERSING IN PART MAGISTRATE'S DISCOVERY RULINGS

DAVID A. EZRA, District Judge.

Plaintiffs appeal interlocutory orders filed March 23, 1989 granting defendant's Motion for Protective Order and to Quash Subpoenas and denying plaintiffs' Motion to Compel Production of Surveillance Movies. This appeal from the Magistrate is made pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 404–1 of the Rules of the United States District Court for the District of Hawaii.

## I. *Background*

This is a personal injury action in admiralty. Plaintiff Raymond Forbes alleges that he sustained serious back and neck injuries on two occasions while in the course and scope of his employment with defendant Hawaiian Tug & Barge Corp. ("H.T. & B."). Plaintiffs filed their complaint on October 26, 1987.

### A. *Depositions of Charles Swanson & Rey Jonsson*

Pursuant to the Magistrate's Pre–Trial Order filed September 16, 1988, discovery was scheduled to conclude on February 13, 1989. However, on March 1, 1989, plaintiffs noticed and subpoenaed for deposition Charles Swanson and Rey Jonsson, President and Vice President, respectively, of defendant H.T. & B. Plaintiffs sought to elicit from these individuals testimony regarding manning regulations and other procedures applicable to H.T. & B. vessels. On March 8, 1989, defendant moved for a protective order and to quash subpoenas.

On March 15, 1989, defendant's motion came on for hearing before the Magistrate. The Magistrate granted defendant's motion in an order filed March 23, 1989, holding that the discovery cut-off had expired, the case had a protracted history of over one and one-half years, and plaintiffs would not be prejudiced because these particular witnesses could be subpoenaed to testify at trial.

### B. *Surveillance Movies*

In preparation for trial, defendant secretly had films taken of plaintiff Raymond Forbes over a period of several days with the intent of using the films to impeach Forbes' testimony regarding the nature and extent of his injuries. Upon learning of these films, plaintiffs filed a motion to compel their production which came on for hearing on March 15, 1989. Defendant opposed plaintiffs' motion arguing the movies were undiscoverable impeachment material and/or attorney work-product. The Magistrate agreed with defendant and denied plaintiffs' motion in an order filed March 23, 1989.

## C. *Prior Disposition*

Plaintiffs timely appealed the Magistrate's orders of March 23, 1989 on an expedited basis. These matters came on for hearing before the Honorable Alan C. Kay on April 21, 1989. Judge Kay orally affirmed the Magistrate's Order Granting Defendant's Motion for Protective Order and to Quash Subpoenas but reversed the Magistrate's Order Denying Plaintiffs' Motion to Compel Production of Surveillance Movies.

On April 24, 1989, Judge Kay vacated his April 21, 1989 orders and recused himself from further proceedings. This court, thereafter having been assigned this case, reviews plaintiffs' appeal from the Magistrate's orders *de novo*.

## II. *Decision of the Court*

## A. *Defendant's Motion for Protective Order and to Quash Subpoenas Re: Depositions*

■ In considering discovery orders on appeal from the Magistrate, this court is obliged to apply the clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A); *Rockwell Int., Inc. v. Pos–A–Traction Indus., Inc.,* 712 F.2d 1324, 1325 (9th Cir.1983). Courts have held that " 'in reviewing discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused.' " *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.,* 125 F.R.D. 51, (S.D. N.Y.1989) (quoting *Citicorp v. Interbank Card Ass'n,* 478 F.Supp. 756, 765 (S.D.N.Y. 1979)); *see also Geophysical Systems Corp. v. Raytheon Co., Inc.,* 117 F.R.D. 646, 647 (C.D.Cal.1987) (abuse of discretion standard appropriate when reviewing discovery matter concerning issue of relevancy).

Plaintiffs contend that the Magistrate abused his discretion in granting defendant's motion for a protective order. Specifically, plaintiffs argue that a protective order will place upon them an unreasonable hardship with no corresponding benefit to the defendant, such as protecting defendant from annoyance, embarrassment, oppression or undue burden or expense, all as required by Fed.R.Civ.P. 26(c).

This court disagrees with plaintiffs. The Magistrate clearly considered relevant facts and circumstances when he granted defendant's Motion for a Protective Order. Indeed, the Magistrate observed that the discovery cut-off date had expired, the case had been active for one and one-half years, and plaintiffs did not move to extend discovery or for an order allowing the taking of additional depositions after the discovery cut-off. *See* Fed.R.Civ.P. 16(b)(3). Moreover, the Magistrate supported his ruling in part on the standing order in this district that all discovery be completed 30 days prior to trial. Under these circumstances the court cannot conclude that the Magistrate abused his discretion or acted contrary to law in granting defendant's Motion for a Protective Order and to Quash Subpoenas. Accordingly, the Magistrate's order regarding depositions is AFFIRMED.

## B. *Plaintiffs' Motion to Compel Production of Surveillance Movies*

■ Plaintiffs appeal the Magistrate's order denying their Motion to Compel Production of Surveillance Movies asserting that the Magistrate committed error when he ruled that surveillance movies, when used for impeachment, are non-discoverable. Neither the parties nor this court have found any reported Hawaii decision on this issue and this appears to be a matter of first impression in this district.

Generally, "materials that are primarily of an impeaching character" are protected from discovery. Fed.R.Civ.P. 26(b) advisory committee note; *see also* Rules of the United States District Court for the District of Hawaii 235–9(c). Nevertheless, while surveillance films made in connection with the defense of a personal injury action are ostensibly of an impeaching character, the weight of authority favors their discovery. *See Daniels v. Nat'l RailRoad Passenger Corp.,* 110 F.R.D. 160 (S.D.N.Y. 1986); *Martin v. Long Island RailRoad Co.,* 63 F.R.D. 53 (E.D.N.Y.1974); *Crist v. Goody,* 31 Colo.App. 496, 507 P.2d 478 (Colo.App.1972); *Zimmerman v. Superior*

*Court,* 98 Ariz. 85, 402 P.2d 212 (Ariz. 1965). Reasons cited manifest concerns for authenticity, encouraging settlement, avoiding unnecessary interruptions at trial, facilitating stipulations and admissions, and fairness. *See, e.g., Daniels,* 110 F.R. D. at 161; *Martin,* 63 F.R.D. at 54.[1]

This court is persuaded by the compelling rationale of *Daniels, supra; Martin, supra; Crist, supra;* and *Zimmerman, supra.* The court therefore finds no basis to deny discovery of surveillance movies in personal injury actions provided their impeaching character is preserved. Adequate preservation can be accomplished by providing a defendant the opportunity to secure a plaintiff's post-film, pre-revelation deposition. *See* 8 C. Wright & A. Miller, *supra; see also Snead v. American Export–Isbrandtsen Lines, Inc.,* 59 F.R.D. 148, 151 (E.D.Pa.1973). Accordingly, the court concludes that the Magistrate erred in ruling that the surveillance movies in question were not discoverable. The Magistrate's ruling in this regard is therefore REVERSED.

IT IS SO ORDERED.

---

**1.** *See also Zimmerman,* 98 Ariz. at 93, 402 P.2d at 217 ("Surveillance evidence and the like, although useful for impeachment purposes under certain circumstances, also contains substantive evidence relevant to the matters in litigation and should therefore be discoverable."); *but c.f. MacIvor v. Southern Pacific Transportation Co.,* No. 87–6424–E, 1988 WL 156743 (D.Or. June 9, 1988) (available on LEXIS, Genfed library, Dist file) (surveillance movies are non-discoverable provided their use is limited to impeachment).

Wright and Miller criticize the suggestion that the party in possession of the evidence may elect whether to use the evidence substantively or for impeachment and that the evidence is immune from discovery if he elects to limit the use of the evidence to impeachment. "The difficulty with these proposals, as one writer has observed, 'lies in the wild improbability that any fact-finder could, for instance, actually confine to impeachment use its consideration of motion pictures showing a supposedly crippled plaintiff painting a house.'" 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2015 (1970 & Supp.1988) (quoting Cooper, *Work Product of the Rulesmakers,* 53 Minn.L.Rev. 1269, 1317 (1969)).