Discovery — Specific Information — Video Tapes. Pursuant to P.B. § 219 the plaintiff in a personal injury action is entitled to disclosure of any video types taken by the defendant, but only after the defendant has had an opportunity to take the plaintiff's deposition.
Defendants' objection (#120) to plaintiffs' request for discovery concerning surveillance movie or video tape films presents a question that I do not believe has been addressed by our appellate courts.
This is a personal injury action in which the plaintiffs ask CT Page 4977 the defendants to disclose whether any video tapes or movies have been made of Mrs. Davis, the injured plaintiff, and if so, to identify when and where taken, by whom, and so forth. Disclosure request #10 asks for a copy of any such video tape or movie film.
The defendants' objection claims that these requests are "outside the scope for permissible discovery." Practice Book § 218 provides that a party may obtain discovery of matters material to the subject matter involved in the action which are not privileged, so long as the disclosure would assist the prosecution of the action and can be provided by the other party with "substantially greater facility" than by the party who is seeking the information. Practice Book § 219 states that materials prepared in anticipation of litigation or for trial may be obtained "Only upon a showing the party seeking discovery has substantial need of the materials in the preparation of his case, and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."
CT Page 4978 Based on these criteria I conclude that the defendants' objection to the interrogatory and production requests should be overruled.
The first issue is whether this material is "privileged, and this would involve the attorney-client privilege. Although I am sure that conversations between the attorney and client about surveillance films is within the scope of the privilege. I do not believe that the existence and contents of such film falls within the privilege. Since the plaintiff is claiming personal injuries, and the value of surveillance films would be for impeachment if the plaintiff exaggerates her disabilities, clearly such films are "material to the subject matter involved in the pending action." Practice Book § 218. Disclosure would be of assistance to the plaintiffs as they could examine the films for their accuracy and integrity.
With respect to Practice Book § 219, clearly the surveillance films were prepared for trial. But I also think it clear that the plaintiff "has substantial need of the materials in the preparation of his case." It is obvious that the plaintiffs cannot obtain these surveillance films other than through disclosure. Substantial need arises from the fact that the plaintiffs should have an opportunity before trial to examine the films in order to be able to rebut their accuracy and authenticity.
This decision is in line with Martin v. Long Island RailroadCo., 63 F.R.D. 53, 54-55 (E.D.N.Y. 1974). which summarized the CT Page 4979 issue of producing impeachment surveillance films. However, as was ruled in both Snead v. American Export-Isbrandtsen Lines,Inc., 59 F.R.D. 148, 151 (E.D. Penn. 1973), and Daniels v.National Railroad Passenger Corp., 110 F.R.D. 160, 161 (S.D.N.Y. 1986), a defendant must be afforded the opportunity to take a plaintiff's deposition before disclosing any information regarding the existence of surveillance films, so that a plaintiff is not in a position to tallor his or her testimony to fit what is revealed in such films. This file does not indicate that the defendants have taken the deposition of Mrs. Davis. Consequently. before answering the questions about surveillance films, defendants should be given the opportunity to do so.
Therefore, not later than twenty days after Mrs. Davis's deposition is taken, or a reasonable time within which to do so has elapsed, the defendants shall answer interrogatory #20 of plaintiffs' motion for discovery/production (#117) and respond to production request # 10 by exhibiting any such film to the plaintiffs.
SO ORDERED. CT Page 4980