**Jason James ROMERO, et al.**

v.

**CHILES OFFSHORE CORPORATION.**

**Civ. A. No. 91–0578.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Jan. 8, 1992.

Lawrence N. Curtis, Lafayette, La., for Jason James Romero, et al.

James E. Diaz, Sr., Lafayette, for Chiles Offshore Corp.

### RULING RE PLAINTIFFS' MOTION TO COMPEL

PAMELA A. TYNES, United States Magistrate Judge.

Now pending before the undersigned Magistrate Judge is the motion of the plaintiffs, Jason James Romero and Tammy Derouen Romero, for an order compelling responses to interrogatory nos. 4, 8, 20 and 21 and request for production of documents no. 21, and for an award of attorney's fees pursuant to F.R.Civ.P. 37(a) in the sum of $1,150.00. Defense counsel has filed written opposition to the motion.

The dispositive issue with respect to all of the disputed interrogatories and request for production of documents is the question of reliance.

9. Plaintiffs' acknowledgments are merely potential evidence for the jury to consider on the question of reliance.

quest for production of documents is whether surveillance evidence and/or any evidence which would reveal the existence of surveillance evidence, must be produced to the opposing party prior to trial. Authorities on the subject are conflicting.[1] And there is no controlling dispositive authority. Instead, resolution rests within the discretion of the court. The position of the federal court sitting in Lafayette, Louisiana on this issue has varied over recent years. However, the current opinion of the Honorable District Judges sitting in the Lafayette Division of the Western District of Louisiana is that the compromise position adopted by the oft-cited *Snead*[2], *Blyther*[3] and *Martin*[4] opinions is most likely to secure the just, speedy, and inexpensive determination of lawsuits. This position allows the party who has obtained surveillance evidence to preserve the value of that evidence for use at trial and simultaneously serves the purposes of promoting serious settlement negotiations and avoiding disruptions during the trial. The rule regarding surveillance in this division is as follows: Neither surveillance evidence nor any evidence which tends to reveal the existence of surveillance evidence need be disclosed earlier than ten (10) days prior to trial if it is to be used for impeachment purposes only. Further, at defendant's option, and upon reasonable written notice, the plaintiff may be redeposed prior to disclosure. The scope of the deposition is limited to issues arising out of the surveillance and to plaintiff's physical and mental condition, including the ability to work, during the time which has elapsed since the initial deposition. Such surveillance evidence is subject to disclosure prior to trial only if disclosure has been requested by opposing counsel. The surveillance information and evidence shall be produced immediately following the plaintiff's deposition, if defendant has elected to exercise that option. The surveillance evidence is subject to disclosure within the designated time frame prior to trial, whether or not defendant elects to redepose the plaintiff. Any surveillance information or evidence not timely produced to the requesting party will be barred from admission at trial absent a showing of good cause.

In accordance with the foregoing, the plaintiffs' Motion to Compel is GRANTED, IN PART, and the defendant is ORDERED to provide responses to the outstanding interrogatories and request for production of documents in accordance with the rule espoused hereinabove.

██ Finally, Rule 37(a)(4) provides that the Court may deny an award of expenses, including attorney's fees, where circumstances make an award of expenses unjust. I find an award of expenses unjust because the Court's position on the surveillance issue has varied during recent years. Accordingly, the motion for attorney's fees pursuant to Rule 37(a)(4) is DENIED.

---

**1.** See generally Annotation, Photographs of Civil Litigant Realized by Opponent's Surveillance as Subject to Pretrial Discovery, 19 A.L.R. 4th 1236 (1983 & Supp.) (indicating conflict of authorities on production of surveillance videotapes), Wright & Miller, Federal Practice and Procedure: Civil 2015, pp. 115–121 and Supp. pp. 47–48 (summarizing conflicting authorities on discovery of impeachment material), and Cohn, Sherman, The Georgetown Law Journal, The Work Product Doctrine: Protection, Not Privilege, Volume 71, No. 3, February 1983. See *Broussard v. Credeur*, 542 So.2d 1388 (La.1989); *Collins v. The Crosby Group, Inc.*, 551 So.2d 42 (La.App. 1st Cir.1989), *writ denied* 556 So.2d 39, 42 (La.1990) and *Sires v. National Service Corp.*, 560 So.2d 448 (La.App. 4th Cir.1990), *writ denied* 563 So.2d 865 (La.1990) (revealing Louisiana state court's adoption of the rule that sur-

veillance should be produced pre-trial). See also, *Wainwright v. Dawn Services, Inc., et al*, 1991 WL 197113, 1991 U.S.Dist. Lexis 13652 (E.D.La. Sept. 1991) and *Andras v. Pontchartrain Materials, Inc.*, 1990 WL 19817, 1990 U.S.Dist. Lexis 2071 (E.D.La. Feb. 1990) (revealing Eastern District of Louisiana's tendency toward denying pretrial discovery of surveillance).

**2.** *Snead v. American Export–Isbrandtsen Lines, Inc.*, 59 F.R.D. 148 (E.D.Pa.1973).

**3.** *Blyther v. Northern Lines, Inc.*, 61 F.R.D. 610 (E.D.Pa.1973).

**4.** *Martin v. Long Island R.R. Co.*, 63 F.R.D. 53 (E.D.N.Y.1974).