Patricia D. BRADLEY and Gordon
Bradley, Plaintiffs,

v.

WAL–MART STORES, INC., Defendants.

No. 4:00CV0405MLM.

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 23, 2000.

1. When a defendant has determined that at trial it will use the tape, use the tape only for impeachment or has not specified whether or not it will use the tape, the better reasoned opinions require the tape to be produced after plaintiff's deposition has been taken. *See Tripp v. Severe,* 2000 WL 708807 (D.Md.); *Ford v. CSX Transportation, Inc.,* 162 F.R.D. 108 (E.D.N.C.1995);

Terry N. Brown, Brown and Associates, William P. Gavin, Gavin Law Firm, Belleville, IL, for Patricia D. Bradley, Gordon Bradley, plaintiffs.

Joseph L. Johnson, Evans and Dixon, Stefan J. Glynias, Lashly and Baer, P.C., Lisa A. Green, Hellmutn and Obatn, Christine A. Alsop, Lashly and Baer, P.C., St. Louis, for Wal–Mart Stores East, Inc. and Wal–Mart Stores, Inc., defendants.

## ORDER

MEDLER, United States Magistrate Judge.

This matter is before the court on Plaintiffs' Motion to Compel. [32] On July 26, 2000, this court considered plaintiffs' Motion, reserved ruling and allowed the parties time to brief the issue of plaintiffs' "substantial need" for the contested surveillance tape.

In its previous Order, the court discussed the less-than-clear discoverability status of non-evidentiary surveillance tapes— that is, tapes which defendant has stated unequivocally it will not use before or during trial for any purpose as in the present case. Courts have expressed a diversity of views as to how to resolve the issue presented.[1] Courts are fairly uniform in finding non-evidentiary surveillance tapes to be covered by the qualified work product privilege. Most frequently courts analyze Rule 26(b)(3) and require a showing by the requesting party of substantial need for the material in preparation of his case and that he is unable without undue hardship to obtain the material by other means. *Fletcher v. Union Pacific R.R. Co.,* 194 F.R.D. 666 (S.D.Cal.2000).

Pursuant to this court's previous Order, plaintiffs have explained their "substantial need" for the tape:

*Boyle v. CSX Transportation, Inc.,* 142 F.R.D. 435 (S.D.W.Va.1992); *Daniels v. National Railroad Passenger Corporation,* 110 F.R.D. 160 (S.D.N.Y. 1986); *Martin v. Long Island Railroad Company,* 63 F.R.D. 53 (E.D.N.Y.1974); *Snead v. American Export–Isbrandtsen Lines,* 59 F.R.D. 148 (E.D.Pa. 1973).

a) The film may contain highly probative and credible substantive evidence of plaintiff's disabilities and/or pain or suffering;

b) Disclosure of the video tape may encourage settlement of this suit;

c) This suit is more likely to be decided fairly if the parties are aware of all available evidence and

d) Despite defendant's representations that the video tape will not be used in this litigation, the information on the video tape has been seen by defendant's counsel and cannot be excised from the universe of information defendant will use to defend this suit.

■ In its supplemental brief, defendant addresses each of plaintiff's arguments. Whether a party has demonstrated the requisite "substantial need" to justify discovery of work product involves the balancing of the value of broad discovery as an accurate method of arriving at full resolution of each dispute with the corresponding need to prevent undue intrusion into the attorneys' preparation of his case. *Fisher v. National Railroad Passenger Corporation,* 152 F.R.D. 145, 151 (S.D.Ind.1993).

■ Plaintiffs first claim they have a substantial need for the video because the "film may contain highly probative and credible substantive evidence of plaintiff's disability and/or pain and suffering". The court agrees with defendant's reasoning on this issue. In the present circumstances, plaintiffs have no substantial need for this evidence. They clearly have other evidence tending to prove plaintiff's injuries are as she claims without appropriating defendant's work product. *Gibson v. National Railroad Passenger Corp.,* 170 F.R.D. 408, 410 (E.D.Pa.1997). In *Fletcher v. Union Pacific R.R. Co.,* 194 F.R.D. 666 (S.D.Cal.2000) the defendant, as here, stipulated it would not use the video tape of plaintiff at trial. The *Fletcher* court stated that whether the tape would be used at trial was a "significant factor" in determining "substantial need" for the material. "A request for pretrial discovery of work product an opposing party intends to use at trial raises issues different from a request for non-evidentiary trial preparation materials." *Fletcher,* 194 F.R.D. at 671–72. The *Fletcher*

court cited Moore's Federal Practice § 26.70[5][6] at 26–221 to 26–222 (3rd Ed.1999) for the proposition that substantial need "is demonstrated by establishing that the facts contained in the requested documents are essential elements of the requesting party's prima facie case. . . . On the other hand, a party's desire to find corroborating evidence is insufficient to establish substantial need." *Id.* at 671–72. The court said "[i]f the films do not contain information essential to [plaintiff's] prima facie case, he does not have a substantial need for them and the court's inquiry need proceed no further." *Id.* Because plaintiff had testimony (his own and that of witnesses), medical records, testimony and reports of treating physicians and retained experts, the video tape evidence would be offered only to corroborate plaintiff's claims and the court held that the evidence need not be produced. *Id.* For these same reasons the tape need not be produced in the instant case.

Plaintiff also argues that production will encourage settlement and advance the goal of having the case decided fairly. The cases cited by plaintiff for these propositions are not on point. To the extent plaintiffs' argument goes to the fundamental fairness of the litigation process, the court notes that "every need to provide information must be balanced against the need to withhold it". *Snead v. American Export–Isbrandtsen Lines,* 59 F.R.D. 148, 151 (E.D.Pa.1973). The possibility that there might be a discrepancy between plaintiff's testimony and the surveillance pictures is counterbalanced by the possibility of misleading photography by defendant. In this case where the tapes will not be used at trial, these interests are not paramount. *See, Snead* at 151.

Finally, plaintiffs state they need the tapes because there is no way the information on the tape can be excised from defendant's mind and thus used in its defense. Plaintiffs cite no authority that this somehow creates substantial need sufficient to overcome the qualified work product privilege.

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel is **DENIED.** [32]