The defendant has raised the issue whether surveillance tapes made of the plaintiff by the defendant are discoverable and must be produced by the plaintiff.
The plaintiff, Leslie A. Sponner, has brought suit to recover for certain personal injuries sustained when her vehicle was struck by the defendant's truck.
The plaintiff seeks discovery and production of the following information from the defendant:
 Please state whether you conducted an investigation or surveillance relative to this action or the conduct of any plaintiff, a party to this action, and if so please state:
a. the date on which it was conducted;
b. the identity of each person who participated in it;
c. whether a record, report or videotape of the results was
 prepared, and if so, the identity of the person who has custody of each such record, report or videotape.
The defendants have objected, not on the basis of attorney-client privilege or "work product" doctrine, but on the basis that the inquiry seeks information prepared in anticipation of litigation without a showing of substantial need and hardship contrary to Practice Book 219. Because the court finds the plaintiff has not shown the required "substantial need" to be provided with documentation of her public physical activities to prepare her case because she herself as the person who carried them on should already be aware of what they were, and further because such an order requiring continuing disclosure of them now would inevitably result in an order in violation of the rule against impermissible disclosure of the mental impressions or theories of the defendants or their attorneys or agents, the defendants' objections are sustained.
Personal injury cases typically take anywhere from months to years to wind their way through the judicial system. Where a plaintiff claims a disability, he or she is presumably familiar with how that disability impacts daily life, and limits activity, more so than the defendant.
Section 218 of the Practice Book permits discovery of information "material to the mover's cause of action . . ." which is "not privileged" if the "disclosure sought would be of assistance" in the prosecution of the action and if it can be provided by the party against whom discovery is sought "with substantial greater CT Page 5763 facility than it could otherwise be obtained by the party seeking disclosure."
Section 219 of the Rules of Practice permit discovery of material prepared in anticipation of litigation[1] only on a showing that: (1) there is substantial need of the material in the preparation of this case; (2) and that [s]he is unable without "undue hardship to obtain the `substantial equivalent' of the materials by other means; (3) and provided no disclosure of the mental impressions, conclusions or legal theories of an attorney or other representative such as insurer, concerning the litigation results from the court-ordered discovery. See P.B. 219; P.B. 216. It is clear that as to this third aspect of the rule that the prohibited disclosure of the strategic mental impressions, conclusions or legal theories apply under this revised portion of the rule, not just to attorneys but to other representatives.
Orders to answer interrogatories are continuing orders and a party has a continuing duty to supplement answers as new information becomes available. The trial and preparation for it in an adversary system can only be justified as a search for the truth. A defendant should be permitted to surveil the public physical activities of a party plaintiff to a lawsuit and thereby document evidence which rebuts claims of physical disability. The plaintiff already knows what activities she or he has carried on and if a plaintiff is alerted by the defendant's continuing discovery answers to the documentation of physical movements which belie the claims she or he has made in the lawsuit, the likelihood is that while the case pends, the plaintiff's public physical activities will be diminished and tailored to meet the claims. The "substantial need" contemplated for the requirement of Rule 219 is one going to the essentials of preparation of the case. It is not enough for a plaintiff seeking materials gathered in anticipation of litigation to express a desire or need to get the materials. The rule requires a showing of substantial need. Since the plaintiff should already know what public physical activities she has carried on, she is able to prepare the essentials of her case without the immediate need to see any surveillance tapes made by the defendants of those same activities. Furthermore, she has not shown any hardship, much less the "undue hardship" that Rule 219 contemplates, which would prevent her from taping her own physical activities. Finally, a court order issued now would have the impermissible but certain effect of disclosing the mental impressions of the defendants, or their attorney or insurer representatives in violation of Rule 219 if each tape had to be disclosed after being filmed or made, for the only logical inference to be drawn would be that the defendants or their attorneys or agents were contemplating a defense based on their impressions that the plaintiff's claimed physical disabilities were exaggerated or nonexistent. CT Page 5764
Finally, although the parties have argued the videotape aspects of it, the interrogatory is so broad in terms of encompassing any and all investigations made by the defendants or their representatives as to be burdensome and unfair. Read literally, the defendants would be required to tell the plaintiff everything done to prepare a defense to the case.
The defendants' objection is therefore sustained.
Nothing in this order should be construed to affect the trial judge's ability to order all proposed exhibits to be premarked for identification only, shortly before trial.