[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to the court on the short calendar with respect to the plaintiff's request for interrogatories and production directed to the defendant Ergmann, and the defendant, Shawmut Bank of Boston. Counsel were able to focus the objections through a motion to compel on three principal interrogatories and/or productions. CT Page 7484
The court will refer to the defendant, Langdon Ergmann's objection to the interrogatories. The first is: "Have you, your agents or your attorneys or anyone hired by any of these persons, conducted any type of surveillance operation of the plaintiff?" The balance of the interrogatory required the defendant or defendants to identify the person conducting the surveillance, the identity of the person requesting the surveillance, the dates upon which the surveillance was conducted, and whether any photographs, video tapes, films, drawings, diagrams or reports were prepared as a result of this surveillance and, if so, the identity, occupation or employer of each of the persons who has custody of each such photograph, drawing, diagram or report.
The court ordered that interrogatory answered with respect to whether or not there was any surveillance by either of the defendants. In the event that the answer had been in the affirmative rather than in the negative, the plaintiff had moved for the production of any such surveillance tapes. In view of the fact that the response was negative, there is no necessity for the court to address the objection as framed by the motion to compel. However, the court will comment that in the event the continuing duty to disclose existing for those defendants reveals that such surveillance has occurred in the future, the parties or any of them may resubmit the issue to the court for a determination. The court does note in passing that on July 20, in Sponner v. Champney, 7 CSCR 840 (Flynn, J.), the court ruled that the plaintiff was not entitled to this information. The grounds offered by the plaintiff were hardly as broad as those offered by the plaintiff in this case. But nevertheless, the case does furnish some interesting reading.
The second request from the plaintiff was that the defendants advise the plaintiff of any medical records the defendants received concerning treatment of the plaintiff at any time by any person as a result of a general authorization submitted to them by the plaintiff. This request is denied as the plaintiff should know what physicians have treated her in the past and can certainly produce that information at least as readily if not more so than the defendant's counsel.
The last issue framed by the motion to compel was a request by the plaintiff for all statements by the defendant and other witnesses which had been obtained by the defense in the course of preparing to defend this case for trial. This too is denied, as the plaintiff has made no showing that she is entitled to this information.
MORAGHAN, J. CT Page 7485