[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S REQUEST FOR SUPPLEMENTAL DISCLOSURE AND PRODUCTION
On March 12, 1993, the plaintiff filed a motion seeking permission for discovery in addition to that provided in the standard interrogatories and requests for production, Practice Book 223, 227, as well as five supplemental interrogatories and three supplemental production requests. The defendant duly objected to any supplemental discovery. At oral argument on April 5, 1993, the court ruled on all the defendant's objections except those directed to the plaintiff's first supplemental interrogatory and first supplemental request for production.
The plaintiff's first supplemental interrogatory requests the following information:
 Please state whether you conducted an investigation or surveillance relative to this action or the conduct of any plaintiff, a party to this action, and, if so, please state:
 a. the dated [sic] on which it was conducted; b. the identity of each person who participated in it; c. whether a record, report, or videotape of the result was prepared and, if so, the identity of the person who has custody of each record, report or video tape. CT Page 4405
(Emphasis supplied)
The plaintiff's first supplemental request for production requests the following:
 Produce copies of the results of each investigation or surveillance conducted by you, relative to this action.
(Emphasis supplied)
The defendant has objected to this supplemental discovery on three grounds: (1) The requested material is attorney work-product and therefore privileged. (2) The plaintiff has failed to demonstrate that the circumstances of this case, a standard personal injury case arising out of a motor vehicle accident, are so unusual that the standard interrogatories and requests for production will not suffice. (3) The plaintiff has failed to comply with the requirements of Practice Book 219.
As worded the plaintiff's first supplemental interrogatory is exceedingly broad, requesting the defendant to reveal any "investigation or surveillance relative to this action" and whether "a record, report or videotape of the results was prepared." Likewise, the first supplemental request for production broadly requests "the results of each investigation or surveillance conducted by you." Investigation relative to the action encompasses any observations, detailed inquiry or systematic examination made in connection with the case. See The American Heritage Dictionary of the English Language.
In casting such a broad net, these discovery requests certainly would catch some of the materials constituting the defense attorney's preparation for trial which justifiably could be termed work-product. The plaintiff in no way has justified her request for such broad supplemental discovery.[1]
Read as a whole, Connecticut's rules of discovery clearly place the burden on the moving party to request discovery within the strictures of the rules. See Practice Book 218, 219, 223, 227. In this case, the plaintiff has asserted that the requested discovery "would be of assistance in the prosecution of this lawsuit and can be obtained and provided by the defendant with substantially greater facility than could otherwise be obtained by the plaintiffs" in apparent reliance on the language of Practice Book 218. Mere repetition of the Practice Book language does not CT Page 4406 satisfy the movant's burden to explain to the court why the factual circumstances of this case are such that the standard discovery provided for in these types of cases will not suffice.
To the extent the plaintiff's broad requests here can be limited to a request for surveillance tapes only, this court notes Judge Flynn's apt remarks in Spooner v. Champney, 7 CSCR 840, 841
(July 20, 1992): "since the plaintiff should already know what public physical activities she has carried on, she is able to prepare the essentials of her case without the immediate need to see any surveillance tapes made by the defendants of those same activities." Moreover, in light of the broad language which plaintiff has chosen to use, this court refuses to limit the plaintiff's supplemental interrogatory and production request to discovery of only surveillance films.
For the foregoing reasons, the defendant's objections to the plaintiff's first supplemental interrogatory and first supplemental request for production are sustained and the discovery is denied.
LINDA K. LAGER, JUDGE