[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND ORDER RE:OBJECTION TO REQUEST FOR DISCLOSURE AND PRODUCTION #132
The defendants have objected to the plaintiffs' request for disclosure and production of any videotapes and photographs made of the plaintiffs and related to the plaintiffs' alleged injuries.
On July 16, 1993, the plaintiffs, Elias and Houda Jiser, filed a two count complaint against the defendants, Roger Boroway, d/b/a Midas Touch Jewelers, and Norman Pollack. The plaintiffs allege that on December 28, 1992, Elias slipped and fell on an icy area in front of Midas Touch Jewelers. The plaintiffs allege that Elias suffered injuries as a result of the fall.
In count one, the plaintiffs allege that Boroway was negligent in that he failed to maintain the walkway in a safe manner. Also, in count one, the plaintiffs allege that Pollack, as owner of the building, was negligent in failing to provide an overhead awning and in failing to properly inspect the area. In count two, the plaintiffs allege a loss of consortium claim on behalf of Houda. CT Page 12448
The plaintiffs moved to file additional interrogatories and requests for disclosure and production dated August 3, 1993. On August 26, 1993, the defendants filed an objection to the additional interrogatories and requests for production. On September 7, 1993, the court, Ballen, J., granted the plaintiffs' request to file additional interrogatories. The defendants' objections to additional interrogatories (#26, #27 and #28) and requests for production (#9 and #10) relating to photographs and videotapes showing Elias and his injuries are the only remaining objections.
The plaintiffs argue that they are entitled to disclosure of the photographs and videotapes on the ground that the information is material to the preparation of their case. The plaintiffs rely on the reasoning of Davis v. Daddona,1 Conn. L. Rptr. 445 (1990) (Lewis, J.). In response, the defendants argue that the plaintiffs are not entitled to the information on the ground that the information would reveal the theories and mental impressions of the defendants and their attorney. The defendants also argue that Elias has knowledge of his public activities and, therefore, the plaintiffs do not need any tapes to show them those activities. The defendants rely on the reasoning of Dzurenda v. Burdo, 9 CONN. L. RPTR. No. 2, 60 (May 3, 1993) (Lager, J.)[1] and Sponner v. Champney, 7 CONN. L. RPTR 25 (1992) (Flynn, J.).
The interrogatories that are at issue in the present case state:
 26. Please give the name and address of anyone except an expert who will not testify at [sic] trial who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:
 a. photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint.
b. photographs or videotapes showing the plaintiff.
 27. With respect to the photographs or videotapes described in interrogatory 26; CT Page 12449
a. please state the number of photographs taken;
b. please state the date when each photograph was taken.
The requests for production that are at issue state:
 9. Please produce photographs and videotapes identified in response to Interrogatory 26,
 10. Please produce narrative summaries prepared by any person identified in Interrogatories 26 and/or 28.
Practice Book § 219 states in part that:
 a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
In Davis v. Daddona, supra, 1 Conn. L. Rptr. 446; the court, Lewis J., overruled objections to a similar request for videotapes in a personal injury suit. The court found that the tapes were not privileged and that the plaintiffs had substantial need for the materials in preparation of their case. Id. The court held that "[s]ubstantial need arises from the fact that the plaintiffs should have an opportunity before trial to examine the films in order to be able to rebut their accuracy and authenticity." Id.
In Sponner v. Champney, supra, 7 CSCR 840; the court, Flynn, J., denied the plaintiff's discovery requests relating to surveillance tapes on the ground that the plaintiff had not shown "substantial need" for the tapes. The court stated:
 The "substantial need" contemplated for the requirement of Rule 219 is one going to the essentials of preparation of the case. It CT Page 12450 is not enough for a plaintiff seeking materials gathered in anticipation of litigation to express a desire or need to get the materials. The rule requires a showing of substantial need. Since the plaintiff should already know what public physical activities she has carried on, she is able to prepare the essentials of her case without the immediate need to see any surveillance tapes made by the defendants of those same activities.
Id.
Here, as in Davis v. Daddona, supra, the "substantial need" of the plaintiffs relates not to the need to determine what public activities have been carried on, but rather it relates to the need to verify the authenticity of the surveillance film.
The federal cases on this issue have allowed disclosure of surveillance films and photographs. See Daniels v. NationalRailroad Passenger Corporation, 110 F.R.D. 160 (S.D.N.Y. 1986);Snead v. American Export-Isbrandtsen Lines, Inc., 59 F.R.D. 148
(E.D. Penn. 1973); Martin v. Long Island Railroad Co.,63 F.R.D. 53 (E.D.N.Y. 1974).[2] The federal courts have stated:
 In discussing personal injury cases, most defense lawyers contend that if a plaintiff knows surveillance films exist, he will tailor what he has to say accordingly. For tactical reasons, therefore, they would prefer to have the plaintiff testify and then let the jury see the films. . . . Lawyers representing plaintiffs, on the other hand, argue that unless they can check the integrity of the photographer, the accuracy of his methods, and review the pictures he has taken, they are deprived of the proper means to cross-examine or seek rebuttal testimony.
Snead v. American Export-Isbrandtsen Lines, Inc., supra, 150. In weighing these competing interests, the courts have allowed disclosure, but have also held that the disclosing party has a right to depose the opposing party before producing the CT Page 12451 surveillance tapes. Daniels v. National Railroad PassengerCorporation, supra, 161. In determining that disclosure of surveillance information is preferable to nondisclosure, the courts have stated:
 If the case is tried the pictures will need to be authenticated. . . . Stopping the trial while counsel and the court examine films outside the jury's presence and then possibly granting continuances should experts be needed to adequately test them is to be avoided where possible.
Martin v. Long Island Railroad Co., supra, 54.
In the present case, the plaintiffs have made a narrow request for any photographs or videotapes made of the plaintiffs and related to the alleged injuries. The plaintiffs have shown that they have a "substantial need" in verifying the materials prior to trial. Consequently, the defendants are ordered to disclose whether such photographs and videotapes have been made, and if so, to produce the materials. However, the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the defendants concerning the surveillance materials are not to be disclosed. Also, it is ordered that if the plaintiffs have not yet been deposed, the defendants shall have the right to depose them prior to producing such materials. Such depositions should take place no later then thirty days from the date hereof, or at such other time as may be agreed upon by all parties. The production shall be accomplished at the time of the conclusion of both plaintiffs' depositions.
THE COURT MAIOCCO, J.