[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONS RE: DEFENDANTS' OBJECTIONS TO PLAINTIFF'SINTERROGATORY #22
Must defendant in a personal injury action reveal to plaintiff, in pre-trial discovery, surveillance videotapes made of plaintiff's activities?
Resistance to disclosure centers upon Practice Book § 219 pursuant to which documents and tangibles prepared with trial in mind are discoverable "only upon a showing . . . [of] substantial need. . . in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent . . . by other means."
No Connecticut appellate decision resolves the matter. Results have varied in the few Superior Court opinions to date.Jiser v. Boroway, 13 Conn. L. Rptr. No. 2, 75 (1995) (Maiocco, J.);Gall v. Ergmann, 7 Conn. L. Rptr. 227 (1992) (Moraghan, J.), Davisv. Daddona, 1 Conn. L. Rptr. 445 (1990) (Lewis, J.) (favoring disclosure); Dzurenda v. Burdo, 9 Conn. L. Rptr. No. 2, 60 (1993) (Lager, J.); Sponner v. Champney, 7 CSCR 840 (1992) (Flynn, J.),Kriskey v. Chestnut Hill Bus Company, 1 Conn. L. Rptr. 610 (1990) (Landau, J.) (upholding opposition to disclosure). CT Page 6820
Proper resolution may be found in correctly characterizing the nature of surveillance videotape. At the level most likely to be deemed important to the litigants, such evidence may constitute serious impeachment. Thus, cases suggesting that an injured plaintiff could simply commission a film of himself fail to acknowledge this impeachment aspect and therefore miss the point. Creation of an impeaching film is only possible by one's adversary. There can be no "substantial equivalent," with or without "undue hardship."
Left for consideration then, is § 219's "substantial need" language. A study of the cases refusing to mandate disclosure of surveillance suggests the influence of notions which posit whether a claimant, if overstating his injury, deserves pre-trial alert; but neither worthiness nor moral entitlement constitute the rationale favoring disclosure.
When the federal rules governing civil discovery were promulgated, followed by widespread state emulation, the driving force was the avoidance of surprise, in the belief that the path to judicial efficiency and fairness was to be paved with foreknowledge.
If material foreknowledge is a desired result, one must conclude that a party has "substantial need" to be apprised of tangible impeachment material potentially devastating to his position. No goal of a broad discovery system is promoted by allowing a litigant to withhold material harm to his adversary until the moment of highest dramatic impact. No such system should suffer requiring one party to squander the time of all concerned through offers of judgment, pre-trials and negotiations while his opponent keeps secret the existence of graphic material which might drastically reshape any of those waypoints.
Any claimant whose averment of damage may be so heavily undercut by contradictory portrayals certainly has a "substantial need," not to say a moral right, to know; and any system holding ambush in disdain has a substantial need to see they are delivered to or visited upon, such a claimant.
Pre-trial disclosure is further appropriate where, as is likely with film and videotape, there may be substantial issues regarding authenticity, editing and technique.
None of this is to say, however, that the party performing the CT Page 6821 observations must turn over the fruits before their impeachment character ripens and has value. Thus, Judge Lewis, in Davis v.Daddona, supra, wisely allowed defendant to first take plaintiff's deposition to prevent the filmed party from pre-warned tailoring of testimony. The case at bar apparently presents the additional discovery layer of plaintiff having been deposed prior to any surveillance. Should defendant be permitted to depose again? While it appears there is potential for abuse here, it is felt by this court that there are sufficient practical and financial disincentives so as to render double-deposing of plaintiffs for harassment or discouragement unlikely. Thus, if defendant wishes a limited interrogation before disclosure of any surveillance videotape, it will be permitted, with disclosure to come within 20 days post-deposition.
Finally, defendant's interposition of the attorney-client privilege is rejected in that no communication between defendant and his counsel is sought.
NADEAU, J.