[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#109)
Before the court is the plaintiffs motion for permission to obtain supplemental, nonstandard standard discovery. Specifically, the plaintiff wishes to confirm that the defendant subjected her to surveillance and, if so, to obtain the product of such surveillance (i.e., photographs, audio or video tapes) and related information. The defendant objects to furnishing any of what is sought.
The complaint describes a somewhat typical collision between two vehicles traveling in opposite directions on a public highway. More particularly, the accident is alleged to have occurred when the defendants' vehicle crossed the centerline into the plaintiff-driver's lane of travel causing the two vehicles to collide.
The complaint sets forth nothing that is unusual as to the allegations of negligence or the recital of personal injuries and damages which the plaintiff claims to have sustained.
Practice Book Sections 13-6(b) and 13-9 (a) provide that in all personal injury actions alleging liability based on the operation or ownership of a motor vehicle, requests for answers to interrogatories and for production, inspection, and examinations of tangible items shall be limited as set forth in specified numbered Forms of the Practice Book. Other, non-standard discovery is not permitted unless it is judicially determined that what is prescribed by the forms is inappropriate CT Page 12458 or inadequate in the particular case.
It is the court's finding that the plaintiffs motion does not provide a basis to conclude that the standard information covered by the forms is inadequate or inappropriate.
In addition to the above and addressing the crux of the dispute, the court finds that surveillance evidence which the plaintiff seeks to obtain would fall within the work product doctrine and thereby be privileged from discovery. The court is unpersuaded that the exception to the rule ("Substantial need" and "undue hardship" as described; P.B., Sec. 13-3) is controlling. In this regard the court concurs with the well-reasoned conclusion of Judge Flynn in his ruling on a similar issue:
 "It is not enough for a plaintiff seeking materials gathered in anticipation of litigation to express a desire or need to get the materials. The rule requires a showing of substantial need. Since the plaintiff should already know what public physical activities she has carried on, she is able to prepare the essentials of her case without the immediate need to see any surveillance tapes made by the defendants of those same activities. Furthermore, she has not shown any hardship, much less the `undue hardship' that [Sec. 13-3] contemplates, which would prevent her from taping her own physical activities."
 Sponner v. Champney, 7 CSCR 840, 841 (July 2, 1992)
Accordingly, the plaintiff's motion is denied.
Gaffney, J.