**Heath COHEN, Plaintiff,**

v.

**GULFSTREAM TRAINING ACADEMY, INC., a Florida corporation, and Gulfstream International Airlines, a Florida corporation, Defendants.**

No. 07–60331–CIV.

United States District Court,
S.D. Florida.

March 3, 2008.

Daniel R. Levine and Adam S. Chotiner with Shapiro, Blasi, Wasserman & Gora, P.A. in Boca Raton, FL, for Plaintiff.

Eric Gabrielle and Jennifer Price with Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. in Ft. Lauderdale, FL, for Defendants.

*ORDER*

BARRY S. SELTZER, United States Magistrate Judge.

THIS CAUSE is before the Court on Defendant Gulfstream Training Academy's ("GTA") Motion to Compel Responses to its Third Request for Production of Documents Nos. 4 and 8 and Notes from Non–Party Witness (DE 77) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 30).

Plaintiff brings this action against Defendants alleging discrimination based on race and religion in violation of the Reconstruction Era Civil Rights Act, Title VII of the Civil Rights Act, and the Florida Civil Rights Act. *See* Amended Complaint (DE 13). Plaintiff alleges that he has sustained past and future pecuniary losses, as well as "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." *Id.* at ¶¶ 19–20 (DE 13). For these alleged wrongs, he seeks compensatory and punitive damages, back and front pay, and attorney's fees and costs. *See id.* at 5 (DE 13). The parties have engaged in discovery.[1]

On January 21, 2008, Plaintiff's counsel deposed GTA's corporate representative, Thomas Cooper. While attending Mr. Cooper's deposition, non-party witness Mark Ottosen[2] "made a number of separate notes that he subsequently passed to Plaintiff's counsel who retained the notes." GTA's Motion at 4 (DE 77); *see also* Plaintiff's Response at 2 (DE 86) (stating that Mr. Ottosen's notes were prepared "at the express request of Plaintiff's counsel for the express purpose of assisting Plaintiff's counsel in questioning. . . ."). GTA now moves the Court to order Plaintiff to produce Mr. Ottosen's deposition notes, contending that "they likely contain information relevant to Plaintiff's claims or GTA's defenses." GTA's Re-

ply at 4 (DE 90).[3] In addition, GTA has moved the Court to order Plaintiff respond to its Third Request for Production. *See* Motion (DE 77). The Court having considered the briefed Motion (DE 77, 79, 86, 90, and 94) and being otherwise sufficiently advised, it is hereby ORDERED that the Motion (DE 77) is DENIED and DENIED as MOOT as follows:

1. To the extent that GTA's Motion seeks to compel non-party witness notes, it is DENIED. Although the parties do not dispute that the requested discovery—Mr. Ottosen's deposition notes to Plaintiff's counsel (prepared at counsel's direction)—is indeed fact work product, GTA has fallen short of demonstrating the requisite "substantial need" to compel their production. *See* GTA's Reply at 3 (DE 90) (acknowledging that the "the notes prepared by non-party witness Ottosen are 'fact work product' ").[4] Here, GTA simply contends that it needs Mr. Ottosen's notes because they "likely contain information relevant to Plaintiff's claims or GTA's defenses." *Id.* at 4 (DE 90). GTA, however, has already deposed Mr. Ottosen. *See* GTA's Reply at 3 (DE 90) (stating that Mark Ottosen, GTA's former President, "has already been deposed by GTA."). Because GTA has already had the opportunity to fully explore Mr. Ottosen's knowledge about Plaintiff's claims and/or GTA's defenses, it has failed to sufficiently establish a substan-

---

1. Discovery closed in this matter on January 25, 2008 (fact discovery) and on February 8, 2008 (expert discovery). *See* Order (DE 43). On January 15, 2008, the District Court granted the parties leave to conduct (only) Plaintiff's continued deposition outside the discovery period. *See* Order (DE 73).

2. According to the parties, Mark Ottosen is GTA's former President. *See* GTA's Reply at 4 (DE 90); *see also* Plaintiff's Response at 2 (DE 86).

3. GTA has previously (without court intervention) requested Plaintiff to produce Mr. Ottosen's notes, stating they are responsive to GTA's First Request for Production seeking all "statements (sworn or unsworn), affidavits, or declarations made by any witness to the events alleged or claims asserted by [Plaintiff] in this action." Motion at 4 (DE 77). The Court assumes that the notes Mr. Ottosen made during the deposition and provided to Plaintiff's counsel fall within the scope of this request.

4. The work product doctrine, first articulated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), has been codified in Federal Rule of Civil Procedure 26(b)(3). The Rule recognizes two types of work product—fact work product, which protects information gathered in anticipation of litigation, and opinion work product, which consists of an attorney's mental impressions, opinions, or legal theories. *See* Fed. R.Civ.P. 26(b)(3). Fact work product is subject to discovery "only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). By contrast, work product containing an attorney's opinions, mental impressions, conclusions, and legal theories enjoys nearly absolute protection. *Cox v. Admin'r United States Steel & Carnegie,* 17 F.3d 1386, 1421–22 (11th Cir.), *modified on other grounds,* 30 F.3d 1347 (11th Cir.1994).

tial need for this witness's notes. *See e.g., Gargano v. Metro–North,* 222 F.R.D. 38, 40 (D.Conn.2004) (finding that plaintiff could not show a substantial need for witness statement because the witness has "already been deposed" by the plaintiff; plaintiff already had "the opportunity to question the witness about the events at issue."); *Spruill v. Winner Ford of Dover, Ltd.,* 175 F.R.D. 194, 202 (D.Del.1997) (defendant failed to show substantial need for work product witness statement where defendant had already interviewed the witness).[5] Accordingly, the Court declines to compel Plaintiff to produce these protected documents.

2. To the extent that GTA's Motion seeks to compel responses to its Third Request for Production, it is DENIED as MOOT. *See* GTA's Reply at 1 (DE 90) ("GTA withdraws the portion of its Motion to Compel that relates to Plaintiff's responses to its Third Request for Production Nos. 4 and 8. . . .").

DONE AND ORDERED.

---

5. Significantly, Plaintiff has stipulated that he will not use Mr. Ottosen's notes at trial. *See* Sur-reply at 4 (DE 94); *see also Bradley v. Wal–Mart,* 196 F.R.D. 557, 558 (E.D.Mo.2000) (whether work product material will be used a trial is a " 'significant factor' in determining 'substantial need' for the material").